GEORGE A. PRATT *vs.* EDWARD E. BURDON.

Middlesex.　March 11, 1897. — June 15, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Contract — Insurance Broker — Statute.*

The act of a person who is engaged in negotiating insurance in domestic companies, but has no license as either agent or broker authorizing him to negotiate insurance in foreign companies, in aiding a duly licensed agent of a foreign insurance company to effect insurance on a life by furnishing information upon a contract for pay, is to be deemed the act of an insurance broker or an insurance agent within the meaning of St. 1887, c. 214, §§ 87, 93, and an action cannot be maintained thereon.

CONTRACT, by a person engaged in negotiating insurance in domestic companies, having no license under St. 1887, c. 214, either as agent or broker, authorizing him to negotiate insurance in foreign insurance companies, against an agent of a foreign insurance company for one half of the commission upon the premiums paid to a foreign insurance company by two individuals for policies upon their lives.

Trial in the Superior Court, without a jury, before *Hammond*, J., who found for the defendant; and the plaintiff alleged exceptions, the nature of which appears in the opinion.

*W. S. Slocum*, for the plaintiff.

*G. A. Blaney & S. Robinson*, for the defendant.

KNOWLTON, J.　By the St. of 1887, c. 214, § 98, "Any person who shall assume to act as an insurance agent, or insurance broker, without license therefor," is punishable by a fine of not less than a hundred or more than five hundred dollars.　The first part of § 93 of this chapter is as follows: "Whoever for compensation acts or aids in any manner in negotiating contracts of insurance or reinsurance, or placing risks or effecting insurance or reinsurance for a person other than himself, and not being the appointed agent or officer of the company in which such insurance or reinsurance is effected, shall be deemed an insurance broker, and no person shall act as such broker save as provided in this section."　Section 87 provides that "any person not a duly licensed insurance broker, who solicits insurance on

behalf of any insurance company, . . . or offers or assumes to act in the negotiation of such insurance, shall be deemed an insurance agent within the intent of these statutes." The plaintiff, though engaged in negotiating insurance in domestic companies, was not licensed as an agent or broker under the statute. The defendant was engaged in transacting the business of life insurance, and was duly licensed as an agent.

The plaintiff, having information that two persons desired to obtain insurance upon their lives, went to the defendant, whom he knew to be a duly licensed agent to solicit life insurance in foreign companies, and inquired what compensation the defendant would give him if he would furnish this information to the defendant, and a contract was then made that he should have for the information one half of the commissions that the defendant should receive for the first year of the existence of policies upon the lives of these two persons. The plaintiff furnished the information in accordance with his contract, and the defendant, acting upon it, made contracts for insurance with them, upon which policies were issued. The court ruled "that, if the plaintiff had the names of the two men who desired life insurance, and offered to inform the defendant thereof for the purpose of and intending that the defendant should, in pursuance of such information, induce said men to take out policies of insurance on their lives in a foreign company, and the plaintiff was to be paid for giving such information by sharing in some proportion the commission payable by the insurance company on account of said policies, and the offer was accepted, and the defendant, having received the names from the plaintiff under this arrangement, and working thereunder, accomplished the insurance of the lives of such persons, then the plaintiff acted as an insurance broker within the meaning of St. 1887, c. 214, § 93, or as an insurance agent under § 87 of said chapter, and that this action cannot be maintained." Having found the facts in accordance with the hypothesis stated in the ruling, he entered a finding for the defendant.

The sole question is whether the plaintiff's act in aiding the defendant to effect insurance upon these lives by furnishing information upon a contract for pay is to be deemed an act of an insurance broker or an insurance agent within the meaning of

the statutes. As throwing light upon the transaction, it is an important fact that the plaintiff was engaged in the business of negotiating insurance. What he did in his transaction with the defendant was plainly within the language of the statutes. For a compensation he aided in effecting insurance for a person other than himself. The aid that he rendered the defendant was apparently very important. Without it, the defendant very likely would never have heard of the persons who took the policies. The service was similar in kind to that ordinarily rendered by insurance brokers who are acting for agents. Bringing the parties together with a view to their making a contract is often the only service of a broker, and the terms of his employment are usually such that if a contract results he is entitled to his compensation. *Desmond* v. *Stebbins*, 140 Mass. 339. *Loud* v. *Hall*, 106 Mass. 404. *Gleason* v. *Nelson*, 162 Mass. 245.

If the plaintiff was acting as an insurance broker, his contract was illegal, and he cannot recover. *Duffy* v. *Gorman*, 10 Cush. 45. *Foster* v. *Thurston*, 11 Cush. 322. A majority of the court are of opinion that the ruling was correct.

*Exceptions overruled.*