AUSTIN BLACK *vs.* SECURITY MUTUAL LIFE ASSOCIATION.

Knox.     Opinion January 31, 1901.

*Insurance.   Agent.   License.   R. S., c. 49, § 73; Stat. 1895, c. 95.*

A person who acts as agent of an insurance company, in soliciting, receiving or and forwarding to the company applications for life insurance, during a period when he does not have the license required by R. S., c. 49, § 73, and amendments, cannot recover of the company the compensation for such services provided in the contract between him and the company.

On motion and exceptions by defendant.     Exceptions sustained.

Assumpsit on account annexed to recover commissions due the plaintiff on policies of life insurance, procured by him as the defendants' agent.

The case appears in the opinion.

*L. M. Staples*, for plaintiff.

*R. I. Thompson*, for defendant.

SITTING:  WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

WISWELL, C. J.    Action of assumpsit upon an account annexed to the writ to recover commissions upon premiums paid by various persons to the defendant on policies of life insurance issued by it, the applications for which were solicited, received and forwarded to the defendant by the plaintiff, under a written contract between the plaintiff and the defendant, wherein the plaintiff was appointed an agent of the defendant " for the purpose of procuring and effecting applications for insurance," and which provided for the compensation that was to be received by the plaintiff.

At the trial, the defendant, among other defenses, contended that some or all of the applications of these persons for insurance were solicited, received and forwarded to the defendant at a time when the plaintiff had no license from the insurance commissioner

of this state, as provided by R. S., c. 49, § 73, and subsequent amendments, and that consequently the plaintiff could not recover. The case shows that the plaintiff had no such license between July 1, and October 18, 1897.

Thereupon the defendant's counsel requested the presiding justice to instruct the jury that the plaintiff could not recover any commission upon the premiums paid to the company in cases where . the applications for such insurance were solicited by the plaintiff during the period that he was without such a license. The requested instruction was applicable to the state of facts involved, because although the policies may have been in fact issued after October 18, 1897, and during a period when the plaintiff had a license, it is clear that in more or less instances the plaintiff's work in soliciting and receiving applications for the policies was performed during the period that he was without a license.

In order to give progress to the case, the presiding justice declined to give the requested instruction—but did instruct the jury, "that for any policy bearing date subsequent to the 18th of October, the plaintiff is entitled to his commission from the company upon that risk, although he may have solicited the insurance before that time and made himself liable to the penalty." To this refusal to instruct, and to the instruction given, the defendant, the verdict being for the plaintiff, took exception.

The statute above referred to, as last amended by c. 95 Public Laws of 1895, after providing that the commissioner may issue a license to any person to act as an agent of a domestic insurance company, and to any resident of the state to act as agent of any foreign insurance company, which has received a license as provided by another section, and after fixing the fee that shall be received by the commissioner for each license, contains this language, "and if any person solicits, receives or forwards any risk or application for insurance to any company, without first receiving such license, or fraudulently assumes to be an agent and thus procures risks and receives money for premiums, he forfeits not more than fifty dollars for each offense; but any policy issued on such application binds the company if otherwise valid."

Although this statute contains no express provision preventing a recovery for his services by one who acts as an agent of an insurance company without such license, and does not expressly provide that contracts for such services shall be void, it prohibits the performance of such services without the license referred to under the penalty therein provided. In *Harding* v. *Hagar*, 60 Maine, 340, a very similar case in principle, this court said in its opinion: "It is too well settled to require the citation of authorities, that no party can recover for acts or services done in direct contravention of an express statute, or for property so sold and delivered." In *Randall* v. *Tuell*, 89 Maine, 443, where the authorities are fully collected, the principle is thus stated: "It is the general doctrine now settled by the great weight of legal authority, that where a license is required for the protection of the public and to prevent improper persons from engaging in a particular business, and the license is not for revenue merely, a contract made by an unlicensed person in violation of the act is void."

In accordance with these authorities, and many others that might be referred to, it must be held that the plaintiff cannot recover for the services performed by him in direct contravention of the statute. The purpose of the statute is undoubtedly for the protection of the public. It is clearly not for revenue. The license fee required was only the sum of two dollars. True, the statute referred to provides that a policy issued in such a case shall not thereby be void, but the contract of insurance is not the one under consideration here; it is the contract between the company and the plaintiff by virtue of which the latter performs services in obtaining applications for insurance, which the statute prohibits, unless the person performing such service has a license therefor.

The evidence as to when these applications for insurance were solicited and obtained by the plaintiff, is somewhat indefinite, but some of them were unquestionably received when the plaintiff had no license and the burden is upon him to show that he had a license when the services were performed. *Harding* v. *Hager*, *supra*.

*Exceptions sustained.*