### WYATT v. McNAMEE et al.

#### (Supreme Court, Appellate Term. December 11, 1906.)

1. INSURANCE—AGENTS—COMPENSATION—CERTIFICATE.

   Where a person employed to act as an agent to solicit insurance had not obtained a certificate to act as agent from the superintendent of insurance, as required by Insurance Law, Laws 1892, p. 1972, c. 690, § 91, he is not entitled to recover the agreed compensation.

2. SAME—RECOVERY—VOLUNTARY PAYMENT.

   Where a general insurance agent made payments to a subagent employed by him, who he knew had not obtained a certificate from the superintendent of insurance, as required by Insurance Law, Laws 1892, p. 1972, c. 690, § 91, he is not entitled to recover the payments.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Owen E. Wyatt against Frank A. McNamee and another. From a judgment in favor of plaintiff, defendants appeal. Reversed, and complaint dismissed.

See 98 N. Y. Supp. 749.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

A. Hamilton, for appellants.
Porter & Barnes, for respondent.

DAVIS, J. This is an appeal by the defendants from a judgment of the Municipal Court in favor of the plaintiff for the sum of $288.40. The defendants were general agents of the Equitable Life Assurance Society of the United States. On June 6, 1904, they entered into a written contract with the plaintiff by the terms of which he was to act as their subagent. In return for his services the defendants were to pay plaintiff a commission upon policies secured by him. In a separate letter, also dated June 6, 1904, and intended to be a part of the contract, the defendants agreed to pay the plaintiff the sum of $40 per week "for two months' advanced commission." These advances were to become a charge against the commissions earned by the plaintiff, and the first year's commissions were to be drawn when plaintiff's total indebtedness does not exceed $120 at any time.

The plaintiff entered upon his duties under this agreement, but earned no commissions. He was ultimately discharged by the defendants after two weeks' service. At the time of his discharge the defendants had paid him $80 of the $320 advanced commissions to be paid. Plaintiff then brought this action to recover the balance of $240 for the remaining six weeks, basing his claim upon his alleged wrongful discharge by the defendants. Judgment for this amount was rendered in favor of the plaintiff. The defendants, among other defenses, al-

leged that the plaintiff had not the legal capacity to perform the contract sued upon, in that he had not obtained a certificate to act as an agent from the superintendent of insurance, as required by section 91 of the insurance law (Laws 1892, p. 1972, c. 690). The contract was dated June 6, 1904. The plaintiff got his certificate from the insurance department August 26, 1904. Under section 91 of the insurance law the plaintiff was prohibited from carrying out the contract. This fact alone was sufficient to defeat his recovery. Having reached this conclusion on the ground stated, it is unnecessary to consider the other ground of error assigned by the appellants.

The defendants set up a counterclaim to recover the $80 paid to the plaintiff. The evidence shows that the defendants knew of the plaintiff's statutory inability to perform the contract with them at the time they paid him the money. In disbursing this money they were paying him for services performed for them in violation of an express statute. This fact must defeat their recovery on their counterclaim.

Judgment reversed, with costs, and judgment directed for the defendants, dismissing the complaint on the merits. All concur.