**44 So.2d 838**

**Succession of GESSELLY.**

**No. 38633.**

Jan. 9, 1950.

Rehearing Denied Feb. 13, 1950.

Joseph A. Loret, Baton Rouge, for appellant, applicant.

Watson, Blanche, Fridge, Wilson & Posner, Baton Rouge, for appellee.

MOISE, Justice.

This is a suit to recover from the Succession of Mrs. Rose Gesselly the sum of $2500.00, being the amount alleged to have been fixed by her as compensation for services to her during her lifetime by her nephew, Nicholas J. Swart, the opponent. From a judgment allowing the sum of $2000.00, in addition to the legacy of $500.00, the executrix prosecutes this devolutive appeal. Answering the appeal, the appellee seeks to have the judgment of the district court increased to the sum of $2500.00, without deducting the legacy of $500.00.

The plaintiff alleges that from 1924 to the date of decedent's death, April 15, 1943, he performed innumerable services in administering decedent's business affairs and looking after her personal welfare; that he assisted her in all of her banking transactions and in making various investments in real estate mortgages and loans, and thereafter attending to the details in connection with the collection of the payments due thereon; that he transported her in his automobile to the market and stores and on other outings several times during a week, and that he took her on brief vacations to the Gulf Coast of Mississippi, to Florida and to Shreveport, La. Plaintiff alleges an agreement between himself and the decedent that he was to be paid for all the personal services which he rendered to her upon her death by a legacy of $2500.00, and for this amount he seeks judgment, plus the legacy of $500.00 bequeathed to him in the last will and testament of decedent.

To plaintiff's petition defendant filed exceptions of "Inconsistency, Immateriality" and vagueness. Exceptions of "inconsistency and immateriality" are unknown to our law, and only on trial of the merits can objections to any evidence be urged on grounds of inconsistency, im-

materiality and irrelevancy. It is impossible for a trial judge to pass upon the immateriality, inconsistency, or irrelevancy of *any portion* of the evidence without having before him all of the grounds of complaint and the defenses urged in answer.

The record shows that the decedent, who at the time of her death in East Baton Rouge Parish, Louisiana, was 75 years of age, had been for many years prior thereto in ill health, suffering from a heart ailment and was crippled in one foot. Her physical condition greatly handicapped her freedom of movement and it appears that she depended almost entirely upon Nicholas J. Swart, plaintiff (one of her two relatives living in the Parish) to assist her in all of her financial and business affairs; that she looked to him to transport her in his automobile on all of her errands, including trips to the bank, to her lawyers, and to oversee and collect rental on various properties she owned over a period of years. He also drove her to see her doctors, to the markets and stores on shopping expeditions and on numerous vacation trips. For all of this assistance and attention the decedent promised to reward him at her death by providing a legacy in the sum of $2500.00 for him in her will. After the decedent's death negotiations were had looking toward a compromise of plaintiff's claim of $2500.00, and as requested, he submitted a bill for $1200.00 in settlement of the promised legacy. Upon refusal of this payment by the executrix of decedent's estate, plaintiff instituted the present suit against her, individually and as executrix.

■ Recovery is sought here on a claim against a deceased person, which unlike ordinary cases requiring the plaintiff to prove his claim if more than $500.00 "at least by one credible witness, and other corroborative circumstances" (Art. 2277 of the Revised Civil Code) " * * * can only be established by the testimony of at least one credible witness of good moral character, besides the plaintiff," that is, if such action has been brought within 12 months after the death of the deceased, otherwise parol evidence is not admissible to prove the claim. Act 207 of 1906, as amended by Act 11 of 1926; Succession of Dugas, 215 La. 13, 39 So.2d 750, 753; White v. Succession of Candebat, 210 La. 995, 29 So.2d 39.

■ In the Succession of Joublanc, 199 La. 250, 5 So.2d 762, 763, the plaintiff sued the decedent's succession for wages for services rendered by her as deceased's housekeeper, cook, nurse, etc., during the last 10 years of his life. It appeared that he had persuaded her to move into half of his home, a double cottage, with her 3 children, and perform such services, with the agreement that he would bequeath the home to her, which was a very modest one, in a poor neighborhood of New Orleans. The plaintiff was a colored woman and the decedent was a white man.

He did make a will in which he bequeathed the home to her, but subsequently executed another will in which he bequeathed all of his property to his two children, revoking the previous will, in which he had declared that that legacy was given "in consideration of faithful services rendered by her for many years as my housekeeper." The cottage which was to have been bequeathed was appraised in the decedent's succession proceedings at the amount of $1,100.00, and the court in giving judgment for the plaintiff in that sum against the decedent's succession and his heirs, said:

"On the facts which we have found the plaintiff is entitled to collect from the succession of Joublanc, or his heirs, the value of the services which she rendered. One who renders valuable services to another on his promise that in his will he will compensate to the extent of the value of the services the party rendering them is entitled to collect their value from the succession of the party for whom the services were rendered if he dies without having fulfilled his promise. * * * In such cases it is not necessary that the value of the services shall have been agreed upon by the employer and employee. * * *

"The plaintiff testified that the services which she rendered and the board which she furnished to Joublanc were worth $2 per day. In her petition she claimed $125 per month. Our judgment is that $2 per day is an outside estimate; besides which an allowance should be made for the house rent which was furnished to the plaintiff and her children, and for rent of the building in which she conducted her grocery. There is no estimate of these allowances in the record. Our conclusion is that the plaintiff ought to have the value of the legacy which she would have received under the will dated July 14, 1939, if it had not been revoked. We do not mean that the general rule in cases like this is that the value of the legacy fixes the amount which the succession will owe if the testator revokes the bequest. * * We are *dealing only with the facts of this case*, and are resting our judgment upon the proof that the value of the services rendered by the plaintiff was not less than the value of the legacy which she was to receive, and upon the fact that the plaintiff admitted and repeated in her testimony that the legacy which she had expected to receive would be ample compensation for her claim. The only proof that we have of the value of the legacy is that it was appraised in the inventory at $1,100." (Italics mine.)

In the Succession of Oliver, 184 La. 26, 165 So. 318, 322, there was a preponderance of evidence to show that over a period of ten years up to the date of his death the decedent had been rendered services by the claimant. The trial judge rendered judgment in the claimant's favor, evaluating these services at 50¢ per day, with the result that the net amount allowed the

claimant was some $6400.00 less than he had claimed. The Supreme Court, held that since there was no testimony in the record to show just what the services were worth, *and since no agreement had ever been reached between the decedent and the claimant as to the value of the services,* that the trial judge's finding would not be disturbed. In that case the court stated:

"* * * plaintiff's testimony is corroborated, not by one, but by numerous witnesses whose credibility and moral character were not questioned either by the executor or the legatees. * * *

"Two witnesses testified that Oliver told them that he expected to reward Lee by remembering him in his will, one of them saying that Oliver said this to him in Lee's presence. A dozen or more witnesses testified that Lee rendered the services. * *

"* * * in the present case the claimant's testimony is so well corroborated that we have no doubt of the verity of the claim."

In the instant case, in support of his claim, the plaintiff testified substantially in accordance with the allegations of his petition setting forth his claim and, in corroboration thereof, he relied on the testimony of two disinterested witnesses, Mrs. Nolan, a friend of the decedent, and Mrs. Webb, a nurse, who was in the employ of the deceased three years just preceding her death. Both of these witnesses testified, and their testimony is uncontradicted, that

on many occasions the deceased told them that she wanted to compensate her nephew for his services to her and that she was going to do so upon her death, by bequeathing him a legacy of $2500.00. These witnesses also corroborated plaintiff's testimony as to the services rendered to the deceased, as well as to her complete reliance and dependency upon him for advice and assistance in all of her personal and business affairs.

In addition to the testimony of these two credible witnesses, plaintiff introduced documentary evidence—a letter written to him and his wife by the decedent's sister shortly before her death, wherein she recognized the deceased as dependent upon her nephew. This letter reads as follows:

"Jan. 24.43

"Dear Grace and Nick:

"I rec your two letters also air mail from Rose I am quite upset about her condition Wish you would let me know just how she is I am not very well myself I sent Rose airmail letter Wed I guess she has it by this time *I know N will do all he can* and you *to help her get well as she depends on Nick so much has no one else to help her* I hope Nick will kee me informed of her condition ................

(S.) Aunt Clara...."

None of the above testimony or evidence was refuted by the executrix on the trial of the case, in fact, not a single witness was introduced in her behalf.

█ It is submitted that in the instant case there was an agreement for a lump sum—$2500.00—and since the defendant had, according to the testimony of disinterested witnesses, placed this evaluation on the services rendered by her nephew, the question of quantum meruit does not enter. *That would enter only if the value of the services had not been fixed.* In neither of the cases of White v. Succession of Candebat nor the Succession of Dugas cited supra (the two most recent decisions of this Court involving claims brought under Article 2277 of the R.C.C.) did the deceased indicate, by parole or otherwise, the value placed by her on the services for which remuneration was subsequently claimed. Hence, the court was compelled to value their worth. However, in the present case, the amount is definitely fixed by agreement. There is no need for fixing the quantum of compensation for services by the court. If this suit were brought on the quantum meruit basis for compensation for 19 years of services, as shown by this record, it is possible that the court would set a larger amount than that promised by the decedent.

█ After a careful consideration of the facts, the evidence and the testimony herein, we are satisfied that the plaintiff has established with reasonable certainty the proof of his claim for $2500. However, we do not agree that this amount should not be partially offset by the $500.00 legacy. As the evidence is clear

that plaintiff was actually promised $2500.00 as compensation for his services rendered to the deceased, common sense tells us that the district court's award of $2,000.00 plus the legacy of $500.00 has made him "whole" in relation to the original agreement made with him by the deceased.

For these reasons, the judgment appealed from is affirmed; all costs of court to be borne by the succession.