57 So.2d 193

**LOGAN v. SCHULER et al.**

No. 40033.

Jan. 14, 1952.

Siegfried B. Christensen, New Orleans, for defendant-appellant.

Benjamin Y. Wolf, New Orleans, for plaintiff-appellee.

HAWTHORNE, Justice.

The plaintiff, Fred L. Logan, instituted this suit against the defendants, Lester D. Schuler and Robert Cecil Smith, seeking to recover the sum of $2500.00 which he alleged was due him as his portion of certain commissions resulting from the sale of annuity insurance to Joe W. Brown. The lower court rendered judgment in favor of plaintiff and against the defendant Schuler for the full amount prayed for, but dismissed plaintiff's suit against the defendant Smith. From this judgment Schuler has appealed to this court.

Plaintiff on July 1, 1948, entered into a contract with the American National Insurance Company of Galveston, Texas, an insurance company licensed to do business

in Louisiana, to procure and submit applications for ordinary life insurance and annuities for that company in New Orleans and the vicinity. About this time he obtained from the Secretary of State a license to act as a life insurance agent in the State of Louisiana for the above named insurance company. Later the plaintiff submitted to the insurance company a list of prospects, and among the names listed was that of Joe W. Brown. Plaintiff went to see Brown, who talked favorably of taking life insurance, stating that he desired it for the purpose of realizing funds to pay his estate tax upon his death. In an effort to sell Brown a life insurance policy, plaintiff associated with himself the defendant Lester D. Schuler, a licensed agent and district manager of the American National Insurance Company of Galveston, Texas, who had long experience in such matters, with the understanding that he and Schuler were to divide any commission resulting from the sale of life insurance to Brown. In due course Brown signed an application to the American National Insurance Company for life insurance in the amount of $80,000.00, but his application was denied because he was unable to pass the required physical examination. Schuler then informed the plaintiff that he would get in touch with Robert Cecil Smith, an insurance agent with experience in sub-standard cases, to see whether he could make any suggestions which would enable them to procure life insurance for Joe W. Brown. Schuler approached Smith, and Smith sug-

gested several companies which might consider Brown as a risk. According to Logan, Schuler informed him after talking with Smith that Smith had agreed to work on the case for 50 per cent of the commission, and that he and Logan would split the remaining 50 per cent. None of the companies suggested by Smith would accept Brown as an insured, but Smith some time later called Schuler and told him that he thought he had figured out a plan whereby Brown could be insured.

In due course, under a plan worked out principally by Smith, annuity policies with annual premiums in excess of $50,000.00 were sold and delivered to Brown. These annuity policies were written by 11 different insurance companies, one of which was the American National Insurance Company of Galveston, Texas, which issued its policy providing for an annual premium of $3000.00, on which a commission was paid of 32 per cent, or $960.00. This amount the defendant Smith, both in his answer to interrogatories and on cross-examination, admits was the amount received as a commission for the sale of this policy. The total commissions paid by all 11 insurance companies, including the American National, amounted to more than $12,000.00.

Defendant Schuler does not deny that, if a life insurance policy had been sold to Brown after he had gotten in touch with Smith, Smith would have received 50 per of the commission, and that he and the plaintiff Logan would have divided the re-

maining portion. He contends, however, that the plaintiff Logan abandoned the prospect, Joe W. Brown, and that, after this abandonment occurred, he and Smith devised the plan under which the annuity policies were sold, and that consequently the plaintiff is not entitled to any commission resulting from these sales.

The trial judge resolved this question of fact against the defendant Schuler, and from our reading of the record we do not find that he committed any manifest error.

■ From our study and analysis of the record, we have concluded from the facts as set out above that there did exist a binding and valid agreement between Logan and Schuler, under which any commissions realized by them as a result of insuring Joe W. Brown were to be divided between them, and that this agreement was not terminated by either of them before the sale of the annuities to Brown.

Appellee Logan had obtained a license from the Secretary of State, as hereinabove pointed out, to represent the American National Insurance Company of Galveston, Texas, which paid a commission of $960.00, and of this amount appellee would be entitled under his contract or agreement with appellant Schuler to recover the sum of $240.00. Appellant, however, contends that, even if there were a valid and binding agreement with Logan as to the division of the commissions, Logan is not legally entitled to his proportionate part of the commissions paid by the other 10 insurance companies which issued the annuity policies to Brown, for the reason that he was not an agent licensed under the provisions of the Louisiana Insurance Code, Act 195 of 1948, LSA–R.S. 22:1 et seq., to represent any of these companies.

Under the Louisiana Insurance Code, Section 1.06, life insurance, as classified and defined, includes annuities or survivorship benefits. Chapter 24 of that Code deals with the qualifications and license requirements for life insurance agents. Section 24.01 of this chapter defines a life insurance agent, and Section 24.03(a) provides that no person shall act as a life insurance agent within this state until he shall have secured a license as required by Chapter 24. Section 24.04 provides for the application for such licenses, and under Section 24.06(a), if the Secretary of State is satisfied that the applicant is trustworthy and competent, a license shall be issued, *limited to the insurer and the kind of insurance for which the agent is to be appointed.* Under Section 24.08 any life insurance agent licensed in this state may apply to the Secretary of State *at any time while his license is in force for an additional license or licenses authorizing him to act as the life insurance agent for an additional insurer or insurers.*

Section 24.03(b), Chapter 24, reads as follows: "No insurer or licensed life insurance agent doing business in this state,

shall pay directly or indirectly any commission, or other valuable consideration to any person, partnership, or corporation for services as a life insurance agent within this state, unless such person, partnership, or corporation shall hold a currently valid license to act as a life insurance agent, as required by this Chapter, nor shall any person, partnership, or corporation, other than a duly licensed life insurance agent accept any such commission or other valuable consideration * * *."

Section 31.05 makes it a misdemeanor to violate any of the provisions of the Code, the punishment for which is not otherwise specifically stated therein, and such violation is punishable by fine or imprisonment or both at the discretion of the court.

[2] It is universally recognized that under statutory provisions such as those enumerated hereinabove a life insurance agent cannot successfully maintain an action for commissions if he has failed to obtain a license as required by the statute. See 3 Couch on Insurance, sec. 560b, p. 1793; 16 Appleman, Insurance Law and Practice, sec. 8971, p. 471; 29 Am.Jur., Insurance, sec. 113, p. 134; Annotation, 30 A.L.R. 834; Annotation, 118 A.L.R. 646; Black v. Security Mut. Life Ass'n, 95 Me. 35, 49 A. 51, 54 L.R.A. 939; Pratt v. Burdon, 168 Mass. 596, 47 N.E. 419; Employers Casualty Co. v. Mitchell, Gartner & Walton, Tex.Civ.App., 84 S.W.2d 862; Wyatt v. McNamee, 52 Misc. 127,

101 N.Y.S. 790; Fewel & Dawes, Inc., v. Pratt, 17 Cal.2d 85, 109 P.2d 650.

"Of course, failure to acquire a certificate of authority to act as an insurance agent precludes recovery of commissions, where a valid statute expressly provides that no commissions shall be paid until such a certificate has been obtained. And, in some jurisdictions, failure to procure the required license has been held to preclude the recovery of commissions on business done while so unlicensed, even though the statute did not expressly stipulate against such a recovery. * * *" Couch, op. cit. supra.

"* * * An unlicensed agent cannot recover the agreed compensation for services performed by him. Whether such person acts as agent or broker would be immaterial, as to the procuring of insurance, as he cannot recover compensation for services performed while unlicensed. * * *" Appleman, op. cit. supra.

▇ Since appellee Logan held no license to represent any of the various companies which wrote the annuity policies except the American National Insurance Company, by ordering appellant Schuler to pay to appellee Logan his proportionate part of the commissions received by Schuler from these insurance companies we would compel both Schuler and Logan to violate the express provisions of Section 24.03(b), which prohibit Schuler from paying and

Logan 'from receiving such commissions, and would subject each to punishment as provided in Section 31.05 of the Insurance Code.

The stress the Insurance Code has laid upon the requirement that a life insurance agent obtain a license prior to receiving commissions is shown by Section 24.08(b), which provides that any life insurance agent licensed in this state may place excess or rejected risks with any insurer lawfully doing business in this state other than an insurer such agent is licensed to represent, *provided, however, that such life insurance agent shall procure an additional license to represent such other insurer before receiving commissions or other compensation for his services.* However, under Paragraph (a) of this same section such life insurance agent may, *at any time* while his license is in force, apply to the Secretary of State for an additional license or licenses authorizing him to act as a life insurance agent for an additional insurer or insurers. Under this provision the plaintiff Logan may, even at this time *if his license is still in force,* apply to the Secretary of State for licenses to represent the 10 other insurance companies which issued the annuity policies to Brown, and upon his obtaining such licenses appellant Schuler could legally pay, and appellee Logan receive, his respective share of such commissions. Under these circumstances, in the interest of justice we think that we should

not render judgment rejecting his demands for such commissions, but should dismiss as of non-suit his suit insofar as he seeks to recover his portion of the commissions paid by the insurance companies which he was not licensed to represent.

For the reasons assigned, the judgment appealed from is amended by reducing the judgment in favor of plaintiff, Fred L. Logan, and against the defendant, Lester D. Schuler, from the sum of $2500.00 to the sum of $240.00, representing plaintiff's proportionate part of the commission paid by the American National Insurance Company, and it is now ordered that plaintiff's suit be dismissed as of non-suit as against the defendant, Lester D. Schuler, for plaintiff's proportionate part of the commissions paid to defendant Schuler by all other insurance companies; plaintiff-appellee to pay the cost of the appeal, all other costs to be paid by defendant-appellant Schuler.

McCALEB, Justice (concurring in part and dissenting in part).

I am in complete agreement with the majority view that plaintiff is not entitled to recover any part of the commissions received from life insurance companies which he was unlicensed to represent as an agent. But I think that this portion of his claim should be dismissed absolutely and not as of nonsuit.

A judgment of nonsuit is appropriate (apart from those instances specially pro-

vided for by Articles 491, 492, 532 and 536 of the Code of Practice) in cases in which a plaintiff has failed to establish his claim, with reasonable certainty, that is, where his cause or right of action might have been proved but, for some reason, he has not presented sufficient evidence to maintain it. Coleman v. Forsythe, 137 La. 1092, 69 So. 849.

Here, plaintiff has failed to sustain his case for a percentage of certain commissions involved, not because of lack of proof but because he is without a legal right or cause of action in that he was not an authorized licensed agent of particular insurers. In concluding that he may now reassert his claim for his proportion of those commissions, the court actually gives him leave to create a cause of action when none now exists. The fact that Section 24.08a of the Insurance Code provides that a life insurance agent may secure additional licenses at any time while his license is in force does not, in my view, fortify the conclusion of the majority. The words "at any time" obviously mean at any time before the insurance is written; the contrary holding has the effect of permitting persons dealing with life insurance, as agents, to circumvent the mandatory provisions of Sections 24.03b, 24.04 and 24.08 of the Insurance Code.

For the foregoing reasons, I dissent from that part of the decree which dismisses plaintiff's claim as of nonsuit.