BAILES, Judge Pro Tern.
This is an appeal by Lillie Mae Robinson (claimant) from the judgment of the trial court rendered on her claim for services rendered to decedents, Emma Robinson Freeman and her husband, Freddie Freeman, and the reconventional demand of the administrator.
The judgment appealed awarded appellant, on the basis of quantum meruit, com *255 pensation for her services to Freddie Freeman at the rate of $20 per month for a period of 16 months which elapsed between the death of his wife, Emma, and his death, for a total sum of $320. The trial court also recognized the reconventional claim of the administrator against appellant for certain furniture removed by her from the Freeman residence and awarded judgment against her in the amount of $20.
The administrator neither appealed nor answered the appeal, therefore the judgment of the trial court is definitive in its rejection of a portion of the reconven-tional demands of the administrator. Our consideration herein is restricted to the correctness vel non of the judgment of the trial court as appealed by claimant.
The facts are relatively simple. Mrs. Emma Freeman died intestate in March, 1969, and was survived by her husband and some collateral heirs. Freddie Freeman died on August 8, 1970, leaving no known heirs. For sometime prior to her death, Mrs. Freeman had been in poor health and had been cared for entirely by her sister, the claimant, who nursed and bathed her sister, gave her medicine, and several days each week performed various household duties, including cleaning, washing and cooking. After the death of her sister, the claimant continued to provide the same household services for her brother-in-law, Freddie Freeman, who was also in failing health. These services which claimant provided for Freddie Freeman continued from March, 1969, until his death in August, 1970. As his condition became progressively worse, he was hospitalized from time to time.
During the period of time the claimant was looking after the physical needs of decedent, Freddie Freeman, the latter stated to the claimant and several of his acquaintances that it was his intention to leave his home to her in compensation for all that she had done both for him and his deceased wife. In furtherance of this desire and to accomplish the fact, Freeman attempted to make an olographic will which clearly set forth this intention, however, he failed to sign the instrument and it was not admitted to probate. After the death of Freeman, the claimant moved in and resided in the Freeman residence. Subsequently, Percy Robinson, the brother of both Mrs. Freeman and the claimant, caused the necessary proceedings to be instituted for opening both of the successions of the decedents. After qualifying as administrator of these successions, Percy Robinson instituted eviction proceedings against the claimant and caused her to be removed from the premises. Within 12 months of the death of Freddie Freeman, the claimant made formal written proof of her claim against the succession in the form of an affidavit. (See: LSA-C.C.P. Article 324S). In her affidavit, appellant made claim for $5,000 as remuneration for the services rendered to decedent.
The trial court found that the services performed by the claimant for her sister, Emma, was a gratuity for which she had no claim for reimbursement. It was also shown that during the time the claimant was providing for the physical needs of the decedents she was performing limited housekeeping services for a welfare recipient which occupied her about three hours per week for which she was paid $20 per month. In view of this finding, the trial court reasoned that the appellant, in quantum meruit, was entitled to be awarded the sum of $20 per month for the services rendered Freddie Freeman during the period of 16 months. Thus, the trial court awarded the appellant judgment in the amount of $320. The trial court also found, on the reconventional demand of the administrator, that the claimant had removed certain furniture from the Freeman residence which, according to the detailed descriptive list of succession property, had a value of $20. Judgment in the amount of $20 was awarded the administrator for this furniture,
*256 In passing, we note that decedent, Freddie Freeman, inherited his wife’s undivided one-half interest in the community property under the provisions of LSA-C.C. Article 91S, as the wife died leaving no descendant, and her father and mother predeceased her. Further, it appears that Freddie Freeman left no known heirs and that the residue of his succession will pass to the State of Louisiana under LSA-C.C. Article 929.
The evidence establishes and the record is replete with testimony of the extent of sevices rendered by claimant. She would arrive at the home on occasions at six o’clock a. m., and remain for several hours doing those tasks noted above. She, in effect, performed the physical work of a housekeeper. It is evident that she made the Freemans’ life more comfortable and that Freddie Freeman was grateful to appellant for what she had done and attempted to compensate her by giving her his home.
 Not only did he state this intention to several of the witnesses who so testified at the trial, but we are also satisfied that he positively expressed those sentiments in writing when he attempted to make an olographic will which he failed to sign. That writing was properly identified by the claimant, and the administrator who also benefited by its terms offered no substantial evidence to refute that identification. While that document was correctly excluded from probate due to the defect previously' noted, we think it should have been admitted for the limited purpose of showing the intent of the deceased as to the compensation to be made for the services rendered to him and his wife by the claimant. Succession of Gesselly, 216 La. 731, 44 So.2d 838 (1950). We view it accordingly.
In Gesselly, the Supreme Court of this state had before it a contested claim against the estate of a deceased person. There the court dealt inter alia, with the question of when remuneration in such circumstances is to be on a quantum meruit basis or by the giving of a specific amount or thing. The court concluded that where an agreement is reached between the claimant and the decedent as to the value of the services rendered, or where a definite amount has been placed by the decedent on those services, that such amount or value should be paid and the necessity of a quantum meruit evaluation does not arise. An award based on quantum meruit will be necessary only when no agreement is reached by the parties or no value is ever placed by the decedent on the services rendered. There the court said at page 841:
“It was submitted that in the instant case there was an agreement for a lump sum — $2500.00—and since the defendant had, according to the testimony of disinterested witnesses, placed this evaluation on the services rendered by her nephew, the question of quantum meruit does not enter. That would enter only if the value of the services had not been fixed. In neither of the cases of White v. Succession of Candebat [210 La. 995, 29 So.2d 39] nor the Succession of Dugas [215 La. 13, 39 So.2d 750] cited supra (the two most recent decisions of this Court involving claims brought under Article 2277 of the R.C.C.) did the deceased indicate, by parol or otherwise, the value placed by her on the services for which remuneration was subsequently claimed. Hence, the court was compelled to value their worth. However, in the present case, the amount is definitely fixed by agreement. There is no need for fixing the quantum of compensation for services by the court. * *
Also see Succession of Joublanc (1941) 199 La. 250, 5 So.2d 762.
Here, as in Gesselly, we find no need for a quantum meruit determination of the amount the claimant is entitled to receive. The intention of the deceased recipient of the services and his evaluation *257 of the services have been sufficiently proven. Therefore, in accordance with the intentions of Freddie Freeman, the appellant will receive an amount equal to the value of the house and lot, including the furniture, as shown by the detailed descriptive list of succession assets which is the amount of $3520. In view of this finding there is no basis for an award of $20 in favor of the administrator for furniture removed by claimant from the Freeman residence.
Accordingly, there is judgment herein in favor of Lillie Mae Robinson, appellant, and against Percy Robinson, administrator of the Succession of Freddie Freeman, in the amount of $3520, together with legal interest thereon from date of judicial demand until paid, and the award of $20 in favor of the administrator and against the appellant is reversed. All court costs are to be paid by the succession.
Reversed in part, amended, and as amended, affirmed.
PER CURIAM:
Appellee-administrator, Percy Robinson, in his application for rehearing herein has pointed out to us our error in stating that he neither appealed nor answered the appeal. We acknowledge our error. The answer to the appeal was erroneously filed with the briefs in this case, and therefore was not placed in the suit record. In appellee’s original brief filed prior to argument he made no mention of the answer to the appeal nor did counsel in oral argument make any reference thereto. Thus, we were not aware of the filing of the answer to the appeal.
Therein appellee is seeking to have judgment against Lillie Mae Robinson for rent on the Freeman residence in which she lived for 33 months at the rate of $75.00 per month, or the sum of $2475.00. We find the administrator is not entitled to an award for such rent. Any such award against Lillie Mae Robinson would defeat the declared intention and purpose of the decedent, Freddie Freeman, to remunerate her for the services she rendered to him during his lifetime.
Rehearing denied.