CALOGERO, Justice.
Defendant Ervin Joseph Louis was charged with armed robbery of a night clerk at a motel in St. Mary Parish on August 10, 1972. He was tried by jury, convicted of armed robbery, and sentenced to serve eighteen years at hard labor without benefit of parole, probation or suspension of sentence but with credit for time served. Defendant’s attorney reserved only one bill of exception at trial and did not move for an appeal. Defendant was granted an out-of-time appeal by this Court, after present retained counsel began to represent him.
Defendant urges reversal of his conviction and sentence on the basis of the bill of exception which was reserved at trial after a motion for mistrial was denied by the trial judge. Defendant’s trial counsel had moved for a mistrial after learning that one of the jurors had left the jury room during a recess in the trial, and prior to the court’s charging the jury. When examined about the incident, the *154 juror testified that he didn’t know he was supposed to remain with the jury at all times, and that he had simply spoken with his wife and fifteen-year-old son during the recess. He said that he had not discussed any of the facts of the case with them, and had merely asked how they were enjoying the trial, their court house visit being a new experience for them. He was not questioned more specifically about what was said in the conversation, either by him or by his wife or son.
Defense counsel has in brief argued that the juror’s brief separation from the jury and his short family conversation violated La.R.S. 15:394, which he claims provides that:
“From the moment of the acceptance of any juror until the rendition of verdict or the entry of a mistrial, as the case may be, the jurors shall be kept together under the charge of an officer in such a way as to be secluded from all outside communication.”
In fact, counsel is mistaken, for following the phrase “from all outside communication” in R.S. 15:394 was the following exception which would have applied to defendant’s case:
“ . . . provided that in cases not capital the judge may, in his discretion, permit the jurors to separate at any time before the actual delivery of his charge.”
At any rate, R.S. 15:394 is not the law today.[1] In 1967 the provision was replaced by Article 791 of the Code of Criminal Procedure which merely describes how a jury is sequestered:
“A jury is sequestered by being kept together in charge of an officer of the court so as to be secluded from outside communication.
In capital cases, after each juror is sworn he shall be sequestered.
In noncapital cases, the jury shall be sequestered after the court’s charge, and may be sequestered at any time upon order of the court.”
Article 791 was in effect at the time of defendant Louis’ trial. In a noncapital prosecution, seclusion is required of a sequestered jury, but sequestration, unless ordered by the court, is not required except after the court’s charge. The record before this Court does not reflect that the jury at Louis’ trial was in fact sequestered. We assume that the jury was not sequestered since the state in brief contends that it was not, and defendant did not in brief or otherwise contest that allegation.
Since the defendant was on trial for armed robbery which is not a capital crime, there was no requirement under Article 791 that the jury be sequestered throughout the trial. The conversation at issue took place at a recess during the taking of testimony, before the judge’s charge to the jury. There was no prohibition, therefore, against allowing these jurors in a noncapital case to separate at a recess prior to the judge’s charge since they had not been sequestered.
Although separation of a juror in these circumstances did not violate Article 791, a mistrial would nonetheless be in order (“shall be ordered”), under Article 775 of the Code of Criminal Procedure “when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial.”
Examining what occurred at defendant’s trial in light of the mandatory mistrial requirement of Article 775, we do not find the occurrence prejudicial, much less so prejudicial as to preclude defendant’s obtaining a fair trial. This juror could not have been adversely influenced by the brief, non-relevant conversation with his wife and son.
*155 In the case of State v. Traylor, 311 So. 2d 847, 850 (La.1975), this Court held that:
“It is only when there is a substantial likelihood that the extra-judicial communication will influence one or more of the jurors in a verdict that a mistrial is warranted.”
A mistrial was not warranted. The trial judge properly denied defendant’s motion for a mistrial.
For the above reasons, the conviction of defendant is affirmed.

. La.R.S. 15:394 was repealed by Act 310 of 1966, Section 5 enacting the Code of Criminal Procedure and repealing certain statutes of Title 15 of the Revised Statutes.