326 So.2d 511 (1976)
RAPIDES SAVINGS & LOAN ASSOCIATION, Plaintiff-Appellee,
v.
LAKEVIEW DEVELOPMENT CORPORATION et al., Defendants-Appellants.
No. 5311.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1976.
W. C. Falkenheiner, Falkenheiner, Calhoun & Murray, Vidalia, John M. Sturgeon, Jr., Ferriday, for defendants-appellants.
Anderson, Leithead, Scott, Boudreau & Savoy by Everett R. Scott, Jr., Lake Charles, McSween, Brook & Bolton, by Jack Pierce, Brook, Alexandria, for plaintiff-appellee.
Before CULPEPPER, MILLER and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
Plaintiff is the holder of two promissory notes, each secured by conventional mortgage on immovable property situated in Concordia Parish, Louisiana, and belonging to defendant corporation. One is in the amount of $250,000.00 and the other in the amount of $70,000.00 (First and Second mortgages respectively). Defendant corporation defaulted on both notes and plaintiff *512 filed separate suits against defendant corporation and three endorsers of the notes to foreclose, via ordinaria, (CCP 3721 and 3722). The two suits were consolidated for trial and remain so on appeal. Both appeals are considered herein, although a separate judgment in this day being rendered in the companion suit concerning the $70,000.00 note and mortgage, Rapides Savings & Loan Association v. Lakeview Development Corporation, et al, No. 5312, 326 So.2d 514.
The trial court dismissed both suits without prejudice, and the defendants have appealed, contending that the suits should have been dismissed with prejudice. Plaintiff has filed motions to dismiss defendants' appeals.
The pertinent facts are as follows: The plaintiff-appellee, Rapides Savings & Loan Association, filed two separate suits seeking judgment on a $250,000.00 promissory note (No. 5311) and on a $70,000.00 promissory note (No. 5312) against Lakeview Development Corporation, as corporate maker, and against Fred S. Schiele, C. J. Schiele, and Joe C. Schiele, as individual endorsers. In its first suit (No. 5311) plaintiff sought to foreclose via ordinary process on a first mortgage on certain lots, known collectively as Lakeview Development; in its second suit (No. 5312) plaintiff sought to foreclose on its second mortgage covering the same property.
The parties and issues in both suits are the same except, that No. 5312 (suit on the $70,000.00 note and second mortgage) has the additional issue concerning the authority and manner in which the alleged agent of the defendant Joe S. Schiele, signed the endorsement.[1]
Plaintiff's pleadings in both suits are identical, except that in No. 5311 (suit on the $250,000.00 note and first mortgage) plaintiff did not attach a certified copy of the mortgage to which its $250,000.00 note was paraphed, while in No. 5312 (suit on the $70,000.00 note and second mortgage) plaintiff did have a certified copy of the mortgage attached to its petition. The reason for this was explained by plaintiff as follows: When plaintiff's original attorney[2] filed his petition in No. 5311, he attached an Order Form requesting the Clerk of Court of Concordia Parish to issue and attach a certified copy of the act of mortgage with which the plaintiff's first mortgage note was paraphed, but the Order Form inadvertently provided the wrong recordation page number for the copy, and in lieu of the act of mortgage sought to be attached, an act subordinating a prior vendor's lien mortgage in favor of the three individual defendant endorsers to the plaintiff's first mortgage was provided and attached.
All defendants answered both suits by way of general denials. The two suits were consolidated for trial, which began on September 20, 1974.
The presentation of the plaintiff's case consisted essentially of offering the record of each case to date.
At the conclusion of the plaintiff's presentation, the defendants raised several objections, which in view of our ultimate holding, need not be enumerated, save the objection that the plaintiff's suits should be dismissed with prejudice because plaintiff failed to prove its case by not introducing into the record or including as a part of its petition a certified copy of the mortgage which secured its $250,000.00 note in No. 5311.
Plaintiff attempted to offer into the record a certified copy of the omitted mortgage *513 after the defendants had raised the issue, but counsel for the defendants objected on the grounds that the plaintiff had rested its case, and the objection was sustained.
After arguments were had on the defendants' objections, but before the defendants presented their case, the trial court took the matter under advisement, later rendering judgment dismissing both of plaintiff's suits without prejudice, and at its costs.
From this judgment the defendants have perfected a devolutive appeal. After the defendants' appeals were lodged with this court, the plaintiff filed Motions to Dismiss the defendants' appeals, which Motions we referred to the merits.

ON THE MOTION TO DISMISS
The plaintiff moves to have the defendants' appeals dismissed on the basis that a judgment dismissing a suit without prejudice is not a final judgment, citing LSA-C.C.P. Art. 1673, and thus not appealable, citing LSA-C.C.P. Art. 2083.
We disagree. The jurisprudence is to the effect that a judgment of dismissal without prejudice is a final judgment from which an appeal will lie. People of the Living God v. Chantilly Corporation, 251 La. 943, 207 So.2d 752 (1968); Lee v. Carruth, 217 So.2d 718 (La.App. 3d Cir. 1969); City of New Orleans v. New Orleans Canal, Inc., 173 So.2d 43 (La.App. 4th Cir. 1965).
Accordingly, plaintiff's motions to dismiss are denied.

ON THE MERITS
The only issue before us is the question of whether or not the trial court abused its discretion in dismissing the plaintiff's suits without prejudice. We think not.
It is well settled in our jurisprudence that if a plaintiff fails to make out his case for lack of sufficient evidence which it appears he will be able to supply later, his rights should be preserved for another occasion by granting a judgment of nonsuit. Logan v. Schuler, 220 La. 580, 57 So.2d 193 (1952). See also: South Louisiana Land Company v. Waterhouse, 128 La. 458, 54 So. 941 (1911); A swell v. United States Fidelity & Guaranty Co., 244 So.2d 243 (La.App. 3rd Cir. 1971); Young v. Thompson, 189 So. 487 (La.App. 1st Cir. 1939); Official Revision Comments (b) LSA-C.C.P. Art. 1671.
In his reasons for judgment the trial court stated:
". . . The plaintiff through inadvertence has failed to introduce into the record or to include as a part of its petition the mortgage which secures the note that it seeks to enforce. The terms of the note are such that it can not be properly interpreted without reference to the mortgage.
Based upon these facts it would appear that the plaintiff has failed to make its case on the evidence that has been produced; therefore these suits shall be dismissed at plaintiff's costs.
Now, per dicta, and to possibly clarify this court's position, I do not feel that the dismissal of these actions can be with prejudice. There has been no definitive ruling upon the subject matter that the plaintiff intended to litigate i. e. the foreclosure of a mortgage by ordinary process and suit upon a purported note signed by the corporation and endorsed by the other defendants. In other words, I do not feel that the ruling here would form a valid basis for a plea of res judicata to another suit filed to enforce the mortgage or collect the note that was here sued upon. The effect of this ruling should be and is intended to be the same as the sustaining of an exception, that is the plaintiff must be required to begin his action anew." *514 It is clear from a reading of the above excerpt that the trial court felt that the plaintiff had failed to make its case through inadvertence, i. e., failure to attach the correct certified copy of the mortgage. We feel that under these circumstances there is no manifest error or abuse of discretion on the part of the District Judge in dismissing plaintiff's suits without prejudice.
For the reasons assigned the judgment of the trial court is affirmed.
Costs of this appeal are assessed to the defendants-appellants.
Affirmed.
NOTES
[1] That issue was not reached by the District Court in view of its action in dismissing the suits without prejudice. As is shown hereafter we affirm the decision of the trial court and any defenses which defendant Joe S. Schiele may have can be presented for adjudication in the event plaintiff files a new suit or suits.
[2] Plaintiff is now represented by a different attorney on appeal.