*KIMBALL vs. DREHER.*

If the plaintiff does not make out his case, judgment of non-suit will be given.

APPEAL from the court of the third district, the judge of the second presiding.

This suit was brought to recover from the defendant a moiety of a tract of land, and the action was founded upon the following contract entered into in 1812, between the plaintiff and Godfrey Dreher, ancestor of the defendant—"An article of agreement between M. W. Kimball, of the one part, and Godfrey Dreher of the other, witnesseth that the aforesaid Kimball agrees to give the aforesaid Dreher, one hundred and fifty acres of a tract of land, claimed by the said Kimball, on the east side of the Comite river, he, the said Dreher to have one hundred acres where he is settled, and fifty on the river, in case the aforesaid Kimball's right is confirmed by the government of the United States. Moreover, in case the settlement of the aforementioned Dreher, entitles him

to a donation right, he, the aforesaid Kimball, is to be entitled to one half; he, said Kimball, binds himself to be at the expense and trouble of entering the said land in the register's office."

The answer, set up the following grounds of of defence. 1. The instrument sued on, contained synalagmatic contracts, and should have been in duplicate. 2. It was executed in error; and thirdly, it contained antecedent obligations, on the part of plaintiff, which had not been performed.

It appeared, from the testimony, that the land on which the defendant resided, at the institution of the suit, was the same tract upon which Godfrey Dreher settled, on the east side of the Comite river, and for which he obtained a certificate, as an actual settler, in 1819. It was in evidence, that Godfrey Dreher, in his life time, offered the land for sale, subject to Kimball's claim; and Fluker deposed, that Dreher told him, his reason for entering into the contract, was to be sure of land: he was sure to have it, either under his own or Kimball's claim.

There was judgment of non-suit in the court below, from which the plaintiff appealed.

*Preston*, for appellant, made the following points in the cause:

1. The plaintiff has fully proved all the matters of fact alleged in his petition.

2. They sufficiently identify the land, and show that by the contract he is entitled to a moiety of it.

MATHEWS, J. delivered the opinion of the court. This action is founded on a synalagmatic contract, made between the plaintiff and the ancestor of the defendant. The answer to the petition, contains a general denial, and an exception to the instrument, declared on as not having been made in duplicate, being executed under private signature. The court below gave no opinion on the alleged nullity of the written agreement, in consequence of its want of duplicity. It was considered as imposing obligations on the plaintiff, to be by him discharged before he could claim the fulfilment of those contracted on the part of the defendant; in other words, a condition precedent of acts to be done by the petitioner, of which he neither averred or proved the performance. Judgment of nonsuit was rendered by the district court, from which the plaintiff appealed.

The contract relates to a tract of land, said to be situated in the parish of East Feliciana,

Eastern District.
*April,* 1830.

KIMBALL
*vs.*
DREHER.

on the east side of the river Comite. It is not very explicit, either in relation to the subject about which the parties contracted, or the obligations which each of them took separately on himself. From the tenor of their agreement, it seems that they had distinct pretensions or claims to the same piece of land, and that they considered it as a matter of doubt, which would succeed before the commissioners of land claims. The defendant (or rather his ancestor) was an actual settler on the public domain, and claimed a donation under settlement right, from the United States, in pursuance of the act of congress of 1819. The plaintiff pretended to have some other species of claim, but of what nature, the evidence on record affords no information: he, however, bound himself to be at the expense and trouble of entering the claims to the land in the register's office, &c.

There is neither averment nor proof, that he ever performed this part of his obligation. Whether he ever had any semblance of right or claim to the land in question, sufficient to form a basis of good faith, for the contract which was entered into between the parties, is not shewn in any manner whatever. In the

Eastern District.
*April,* 1830.

KIMBALL
*vs.*
DREHER.

event of success in his claim, he promised to convey to the ancestor of the defendant, one hundred and fifty acres; and the latter agreed, that if he obtained a donation, the former should be entitled to one half of the land thus acquired. Now it is evident, from this agreement, that they took the chance, reciprocally, of each other's claims; and both should have been prosecuted before the commissioners, which the plaintiff undertook to do, and which is not proven to have been done by him; for it does not appear, that the certificate of donation, obtained on the part of Dreher, was acquired by any aid given by the appellant. We are of opinion, with the court below, that the plaintiff has failed to make out his case.

If the plaintiff does not make out his case, judgment of nonsuit will be given.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.