De La Croix *v.* Nolan.

---

## Louis De La Croix *v.* John Nolan.

The proprietor of the estate owing a servitude, is bound to fix the place where he wishes it to be exercised, and until he does so prescription for non-user will not run.

A designation in the act of sale, by the purchaser of an estate subject to a servitude of way, of the place for the exercise of the right, is a sufficient delivery of the way to support a plea of prescription for non-user.

The provision of art. 786 of the Civil Code, that the time of prescription for non-user begins, as to interrupted servitudes, from the day when they ceased to be used, cannot be construed to prevent prescription where the servitude has never been used. If such a servitude be lost by non-user during a certain time, it will *a fortiori* be prescribed where it has never been used at all, for the extinguishment by non-user is founded on the presumed abandonment of the right by the person entitled to the servitude.

Where the prescription of non-user is opposed to the owner of the estate to whom the servitude is due, it is incumbent on him to prove that he, or some one in his name, has used the servitude, as appertaining to his estate, within the time necessary to establish such prescription.

THE plaintiff is appellant from a judgment of the District Court

of West Baton Rouge, *Deblieux*, J. There was judgment in favor of the defendant, on a plea of prescription.

*Labauve*, for the appellant.

*Preston*, for the defendant.

MORPHY, J. On the 13th of October, 1820, the petitioner purchased of François Therriot, a portion of the rear part or double concession of his plantation, the said vendor engaging in the deed of sale to deliver to him a road of twelve feet wide for ingress and egress to and from the tract purchased to the river, and warranting the peaceable and perpetual opening of said road. On the 22d of August, 1822, the defendant, J. Nolan, bought of Therriot a portion of his front tract or plantation, and in the sale it was stipulated that Nolan should give the use of a road of twelve feet wide on his upper line for the use and benefit of the plaintiff, and the successive owners of the piece of land lying back of his purchase. The petition alleges that notwithstanding this stipulation, Nolan enclosed and stopped up said road, which he has since his purchase continually refused to open upon frequent amicable demands, thus causing to the plaintiff damages to the amount of one thousand dollars. The defendant pleads the general issue, and avers that if any such servitude ever existed in favor of petitioner, the same has been extinguished by non-usage during ten years.

The present suit was instituted only on the 26th of October, 1840, twenty years after the sale to plaintiff, and about eighteen years after the sale to Nolan, both of which established the right of way sought to be recovered in this suit. It has not been shown that the servitude claimed is a natural and necessary one, originating from the relative situation of the two tracts, which would exist independent of any agreement, and against which no prescription for non-usage can run, as provided by article 791 of the Civil Code. Pierre Blanchard, one of the witnesses, says that he cultivates the land of De La Croix, and experiences no inconvenience whatever in getting to the river from the rear tract; that he (the witness), and all his neighbors use a road contiguous to the one claimed, which was reserved for their common benefit on the land of Judge Chinn; that since 1827 this road has been used by the public, and that since that time plaintiff has always used it, although not included in the reservation made of this common road. It does not appear that

plaintiff ever exercised the right of way stipulated for him on the defendant's land, or that there has ever been any opposition or refusal on the part of defendant to let him use it, until within a short time previous to the institution of this suit, when he called upon the defendant for the delivery of this road, which would only be an enlargement of the contiguous one, which he had always used until then. It is contended on the part of the plaintiff and appellant that his right to this servitude cannot be lost by non-usage, under article 785 of the Code, because the road had never been delivered to him; that no prescription can run on account of the non-usage of a thing which has never been used, the road never having been located or fixed on any particular place of the front plantation. This position would perhaps be correct, were it true that no place had been designated for the exercise of the plaintiff's right. As the proprietor of the estate owing the servitude is bound to fix the place where he wishes it to be exercised, so long as he does not do so, prescription does not begin to run for non-usage. Civ. Code, art. 775. But in the case before us, the defendant, when he purchased of Therriot, did designate as the place for the exercise of the plaintiff's right of way, the upper line of his plantation. Of this, the plaintiff cannot pretend ignorance, or want of notice, as his demand is predicated on this very clause in the sale to the defendant, and as he himself alleges that since defendant's purchase he has repeatedly called upon him to deliver the road, though there is no evidence of such repeated demands. Such a designation in the public act of sale we consider as a sufficient delivery of the road, so far at least as to support the plea of prescription, to prevent which suit should have been brought by the plaintiff, had any opposition been made to his right or attempt to use his servitude. Civ. Code, art. 2455. But it is insisted that article 786 provides that the time of prescription for non-usage begins, as to interrupted servitudes, from the day they ceased to be used, and that in the present case the road never having been used, no prescription has yet begun to run. We cannot assent to this reasoning. It appears to us that if under the law such a servitude is lost, by the neglect to use it during ten years after it has once been enjoyed, it should a fortiori be prescribed where it has never been used at all, for this extinguishment by non-usage is founded on the presumed abandonment of his right by the

person entitled to the servitude. 3 Toullier, Nos. 689,691. Without making the distinction contended for, article 800 of the Civil Code provides, that when the prescription of non-usage is opposed to the owner of the estate to whom the servitude is due, it is incumbent on him to prove that he, or some person in his name, has made use of the servitude as appertaining to his estate, during the time necessary to prevent the establishment of such prescription.

*Judgment affirmed.*