LAND, J.
This case was ordered up oh the representation that the Court of Appeal had refused to recognize the well-settled rule that trespassers in good faith are entitled to recover for the enhanced value of timber resulting from their work. A further examination of the record has convinced us that the Court of Appeal refused to allow the defendants the difference in the value of the logs when cut and when seized as representing the value of the work, on other grounds. The court said:
“This claim appears, in and is made in the prayer of the answer, and in the alternative. There are no facts alleged in the body of the answer for a basis to this claim presented in the prayer, which follows the first prayer of the answer for the other amounts claimed in the answer. Not only does this demand appear in the peculiar form of a prayer, but is also made for a sweeping amount, without particularity or specialization as to the items on which is grounded the general claim asserted for the value of the work.
“The evidence is somewhat loan as to the expenses or items of work upon which the demand for the difference in the value of the timber when felled and -when placed under seizure, by which the amount or value of the work could be safely established. The prayer for this demand, and the evidence in the record bearing on the question, do not authorize any award for the amount of $375.”
The defendant Waterhouse was the only-witness who testified to the cost of cutting, floating, rafting, and towing the timber to the place of destination. His answers are as follows:
“About $5 per thousand, and stumpage cost us $3 or $8 per thousand.”
“I have not figured it up.”
“At least $5, and stumpage $3.”
We are not inclined to review the findings of the Courts of Appeal on mere questions of fact. In this case, however, we see no good reason for differing with our learned Brothers as to the sufficiency of the evidence. But it appears that the defendants cut the timber and rafted it about 50 miles to a market, and certainly are entitled to some compensation for their services, the true value of which may be shown hereafter, with legal certainty. Therefore the judgment of the Court of Appeal on this demand should have been one of nonsuit.
It is therefore ordered that the judgment of the Court of Appeal herein be amended by dismissing the reconventional demand of the defendants for the value of their work, as in case of nonsuit, and that, as thus amended, said judgment be affirmed, and that the plaintiff company pay costs in both appellate courts.