## BATTON v. BABB.*

### No. 4608.

Court of Appeal of Louisiana.
Second Circuit.

Nov. 3, 1933.

Watkins & Watkins, of Minden, for appellant.

Stewart & Stewart, of Minden, for appellee.

TALIAFERRO, Judge.

This suit has for its object the forced opening up and surrendering for public use, particularly for the use of plaintiff, of a strip of land 36 feet wide, referred to and called, "Valley avenue," on the west side of Babb's addition to the city of Minden, recently inclosed by and now in the physical possession of defendant.

In the year 1926, John Babb, who owned a tract of 80 acres adjoining the west limits of the city of Minden, and fronting on the highway that leads to Shreveport, designated now as No. 80 of the state's system of highways, conceived the idea of subdividing the eastern part of said tract into large lots and selling them. A civil engineer's services were secured. He laid off the lots, fixed their measurements, and prepared a map or plat reflecting what he had done. This plat was eventually presented to the clerk of court of Webster parish by some one for registry; but as no one paid, or agreed to pay, the cost for such service, it was not filed or recorded, but was withdrawn. The original was misplaced, but several blueprint copies were made and are in existence. The front or north end of the addition was made up of four lots, each measuring 189 feet east and west (on said highway) by 667 feet north and south. Other lots were laid off south of the northern tier of four, which, all together, extend back south a distance of 2,446 feet. Valley avenue was so designated on the plat and extends the entire distance of 2,446 feet on the west side of said addition, and fronts on the highway.

Lot 4 of this addition, being one of the upper tier, was sold by Babb, and is now owned and occupied by plaintiff. It is bounded on the west by Valley avenue its entire length of 667 feet.

In the deed by which Babb sold this lot, and in that by which plaintiff acquired it, the description reads: "Lot number four in John Babb's Addition to the town of Minden, said lot fronting 189 feet on the Dixie-Overland Highway and extending back 667 feet, etc."

The record shows only one other sale by Babb from this addition.

In May, 1932, Babb executed to his daugh-

418

ter, Mary, defendant herein, a cash deed conveying that part of said tract of 80 acres not embraced in the lots of the addition, but which does include the area covered by Valley avenue as located on the blueprint copy of the original plat, filed in evidence. The description in this deed is by metes and bounds.

After this sale to her and after her father's death, Miss Babb took possession of and inclosed the avenue, depriving plaintiff of access thereto and of its use. This suit followed.

Plaintiff takes the position that Babb dedicated the avenue to public use, as an incident to the addition laid out by him, and that the closing thereof against such use greatly inconveniences him and depreciates the value of his lot adjacent thereto, rendering it practically worthless.

Defendant admits that John Babb did divide a portion of his land into lots, as alleged by plaintiff, but specially denies that he prepared and filed for record any plat thereof on which said alley (avenue) was delineated, and that neither she nor her father at any time dedicated or recognized any alley or street, as alleged by plaintiff, all of which was well known to plaintiff, or could have been known to him had he consulted the public records. She denies that the public has ever used said avenue, and asserts her ownership and possession of same.

After the trial of the case, but before rendition of judgment, plaintiff discovered the original plat of said addition, which was offered to the court and allowed filed as evidence in the case. It is in the record and confirms the authenticity of the blueprint thereof, also in the record.

In the lower court plaintiff's suit was dismissed and his demand rejected. He appealed.

When lot 4 was sold to Dr. Richardson by Babb, one of the blueprints, showing Valley avenue thereon, was used to locate the boundary lines. Dr. Richardson placed no improvements on the lot before selling to Felix Temple. Temple erected a residence, garage, feedhouse, and other outhouses thereon. The alley (avenue) was then open down to his garage, about 175 feet, and to a short distance beyond to a garage of Mr. Babb. It was used by both to enter their respective properties. It was not used by the public. Mr. Babb's farm embraced that portion of it below his garage. The residence erected by Temple burned. He sold the place to the Minden Building & Loan Association, and plaintiff acquired from the association in June, 1932. He made the same use of the alley as Temple had done.

■ It obviously appears to us that Babb intended to dedicate Valley avenue to the use of the public, especially for the use of persons who should purchase from him the lots south of the tier fronting on the highway. If he had not provided this alley, there would have been no means of ingress to and egress from nearly all the other lots, except over privately owned property, and without this passageway he could not have sold the lots thus situated. The fact that the plat of the addition, made by an engineer at his request and expense, definitely delineates the avenue thereon, is most convincing evidence of Babb's desire and purpose to provide a means of access to and egress from the lots he hoped to sell. He did not by formal declaration in writing dedicate the alley to the use of the public, as required by Act No. 134 of 1896, but it has been uniformly held by our courts that the intent to dedicate may be implied from the acts, conduct, and declarations of the owner, coupled with the open use of the property by the public. Written evidence of such intention is not indispensable. Metairie Park, Inc., v. Currie, 168 La. 588, 122 So. 859; Anderson v. Thomas, 166 La. 527, 117 So. 573, 574; Jaenke v. Taylor et al., 160 La. 115, 106 So. 711.

■ As a rule there must be some sort of acceptance of a dedication of real property to the public's use. In the present case the addition was not within the limits of the city of Minden; therefore its officers were not concerned in the matter.

■ If this suit were against Babb, we would find no difficulty in holding him estopped and precluded from closing this alley to the injury and detriment of those owning lots thereon; but as a dedication of real estate to the public's use is a form of alienation and defendant is a third party to the entire matter, the rules governing alienation of real property and registry of instruments designed for this purpose must be given application. As stated before, the Babb plat has never been recorded. The original had been misplaced. There was nothing of record to bring notice to third persons that this alley had been dedicated to the public's use by Babb. The greater portion of it was embraced in his farm, the remainder only being used by plaintiff and Babb himself.

Defendant stands squarely upon the law that registry of alienations of real estate is the only notice persons dealing in good faith need observe. Her good faith is not challenged by proof.

We think the judgment of the lower court correct, and it is affirmed.

DREW, J., dissents.