SAMUEL, Judge.
This is a suit for a permanent injunction prohibiting and restraining the defendant from attempting to make exclusive use of a certain common alley, from interfering with plaintiffs’ right to use the same, and for judgment ordering the defendant to remove obstacles placed by her across the alley. There was judgment in the trial court in favor of the plaintiffs as prayed and defendant has appealed.
Plaintiffs and defendant are the owners of adjoining properties fronting on Chartres Street in the City of New Orleans. The alley in question lies between two two-story buildings, now used for the rental of apartments, on the respective properties and runs between those buildings from Chartres Street to the two back yards. Title to the alley is in the defendant and it was established as a common alley by a common ancestor in title, who then owned both properties, in an act of sale in 1904 when that common ancestor sold the property now owned by plaintiffs. The petition alleges that during the year 1960 the defendant had attempted to exercise exclusive use of the alley by locking a gate at the front end which gave access to Chartres Street and by erecting a brick wall in front of the gate at the rear extremity of the alley.
Defendant does not deny she closed the alley as alleged by plaintiffs. The defense rests entirely upon a plea of prescription. She contends the alley was unused by plaintiffs or their ancestors in title continuously for a period in excess of 30 years prior to the date of the filing of this suit and thus the servitude of passage was lost by prescription under LSA-C.C. Art. 789, which provides: “A right to servitude is extinguished by the non-usage of the same during ten years”. This is the sole issue presented for our determination.
*733 Even though it is the defendant who pleads nonuse of the alley during the prescriptive period, under LSA-Civil Code Article 804 and the jurisprudence (Ledoux v. Allegre, 10 La.Ann. 706; De La Croix v. Nolan, 1 Rob. 321; Powers v. Foucher, 12 Martin (O.S.) 70), the burden of proving the use of the servitude during the time necessary to prevent the running of prescription, i. e., during the ten year period set out in LSA-Civil Code Article 789, is upon the plaintiffs. Article 804 provides:
“When the prescription of non-usage is opposed to the owner of the estate to whom the servitude is due, it is incumbent on him to prove that he, or some person in his name, has made use of this servitude as appertaining to his estate during the time necessary to prevent the establishment of the prescription.” LSA-C.C. Art. 804.
The trial of the case required several days. During that time fifteen witnesses were heard and the depositions of two others were offered in evidence. In some respects the testimony of opposing witnesses was not contradictory. Defendant’s witnesses testified in thq negative; they had not seen the alley used by plaintiffs, their tenants, plaintiffs’ ancestors in title or others acting for them during the time covered by the testimony. But, as most of these witnesses admitted on cross examination, it was possible for the alley to be used without their knowledge when they were at work or otherwise absent from the premises and even, in some cases, when they were on the premises as a result of their inability to see into the alley from their apartments. On the other hand the testimony on behalf of the plaintiffs was positive and to the effect that the alley was used over the years by members of the Matassa family, plaintiffs’ immediate ancestor in title, and by plaintiffs, by customers of a saloon operated by that family in their building, and by tenants of the Matassas and of the plaintiffs. Several of those tenants testified that they themselves had used the alley for passage.
The trial court was of the opinion that the plaintiffs had established, by a preponderance of the evidence, their use of the alley, and the use thereof by their ancestors in title, during the - prescriptive period. We agree.
The judgment appealed from is affirmed.
Affirmed.