167 So.2d 489 (1964)
PARISH OF JEFFERSON
v.
Louis C. DOODY, Sr., Frank Sanzone, Matthew P. Doody, Walter H. Frank, James A. Ermon, George P. Bywater, Jr., Dr. John B. Parmley.
No. 1498.
Court of Appeal of Louisiana, Fourth Circuit.
July 22, 1964.
Rehearings Denied October 7, 1964.
*490 Louis G. DeSonier, Parish Atty., and Robert H. Fray, Asst. Parish Atty., for plaintiff-appellee.
Racivitch, Johnson, Wegmann & Mouledoux, William J. Wegmann and Oliver P. Carriere, Jr., New Orleans, for defendants-appellants.
McCloskey & Dennery, John M. Page, New Orleans, for intervenors-appellees.
Before SAMUEL, HALL and BARNETTE, JJ.
SAMUEL, Judge.
These seven suits, consolidated for trial in the District Court and for argument here, were instituted by the Parish of Jefferson against the owners of Lots 1 through 3 and 5 through 8, Square 9, Wilshire Heights Subdivision, Jefferson Parish. The petitions allege defendants had constructed fences which encroach on public property and seek mandatory injunctions ordering the removal of the fences at defendants' cost. The property referred to is a strip of land known as Martin Behrman Walk extending along the rear line of defendants' lots.
Defendants' answer denies Martin Behrman Walk was dedicated to the public, denies that the Parish of Jefferson was without an adequate remedy at law, and asserts that each defendant had undisturbed possession of the property within the confines of his fence for more than one year immediately prior to the institution of the suits. They also filed a reconventional demand. In a supplemental answer they allege, alternatively, that should the court hold Martin Behrman Walk was dedicated to public use, such dedication was restricted to use as a "walkway" and pray that plaintiff and intervenors be enjoined from using *491 the same for any purpose other than as a "walkway". At the close of the trial defendants filed exceptions of no right of action and of prescription.
Mr. and Mrs. Robert O. Jesclard intervened and joined with plaintiff in seeking mandatory injunctions against the three defendants who own Lots 1, 2 and 3, asserting that the erection of the fences precluded free access to lots owned by them in adjacent Canal Street Subdivision and fronting on Martin Behrman Walk.
The judgment of the trial court was in favor of plaintiff and against all defendants, and in favor of intervenors and against the three defendants named in their petition of intervention, ordering the defendants to remove the fences encroaching on Martin Behrman Walk at their cost. The judgment also overruled defendants' exceptions and dismissed their reconventional demand. Defendants have appealed. As they have neither briefed nor argued the reconventional demand in this court, the same is considered as abandoned and will not be discussed (see Mix v. City of New Orleans, La.App., 126 So.2d 1; Garvey v. Great Atlantic & Pacific Tea Co., La.App., 125 So.2d 634; Orleans Parish School Board v. City of New Orleans, La.App., 56 So.2d 280). Appellants do seek a reversal of the judgment appealed from and, alternatively, an injunction requiring that the strip of land here involved be used only as a "walkway".
The evidence consists of copies of plans, surveys and acts of sale, stipulations of counsel and the testimony of two witnesses, one of the intervenors and the Planning Director of Jefferson Parish. We will discuss the testimony of the first witness later. The second testified that parish officials had studied proposals to open and enlarge Martin Behrman Walk into a street but the parish had taken no official action in that direction. The material facts are not in dispute. They are:
Canal Street Subdivision was acquired by purchase by Homebuilders Realty Company on July 21, 1914. A plan of the subdivision is on file in the Parish Map Book in the office of the Clerk of Court. Martin Behrman Walk, the strip of land here in controversy, appears on the plan as being 14.69 feet in width, extending the full length of the subdivision and constituting one of the boundaries thereof; all cross streets open into and end at this walk. Various sales of lots in Canal Street Subdivision were made by Homebuilders Realty Company from 1916 through 1921 referring to a plan of subdivision annexed to the act by which Homebuilders acquired the tract and/or to the plan (above referred to) "* * * on file in the office of the Clerk of Court of Jefferson Parish * * *"
Defendants' lots are in Wilshire Heights Subdivision, Section "B", which was opened in 1956. The plan of that subdivision shows it is bounded on the west by Martin Behrman Walk. In the acts of sale by which defendants acquired title to their respective lots the descriptions thereof recite that those lots are bounded in the rear by Martin Behrman Walk (or sometimes Martin Behrman Street) and refer to various surveys which uniformly disclose that walk or street as being 14.69 feet in width and the rear boundry of the lots.
The fences clearly encroach upon Martin Behrman Walk, each extending across it a distance of 14.20 feet. They effectively block the "walk" and preclude access by intervenors to their interior lots. The owners and subdividers of Wilshire Heights Subdivision were never the owners of the strip known as Martin Behrman Walk and the evidence fails to disclose that the walk has ever been used by the public or by anyone other than intervenors.
Appellants contend: (1) the suits of both plaintiff and intervenors must be dismissed on the exception of no right of action because the allegations of their petitions show they have an adequate remedy at law, namely, a petitory action; (2) plaintiff and intervenors have failed to prove the strip of *492 land known as Martin Behrman Walk was ever owned by Homebuilders Realty Company, the subdivider of Canal Street Subdivision; and, alternatively (3) at most there is involved only a servitude of passage in favor of the subdivider's vendees, which servitude has been prescribed by 10 years nonuse, and, the Parish of Jefferson having no interest in Martin Behrman Walk, the intervention must be dismissed on the exception of prescription and plaintiff's suits must be dismissed on the exception of no right of action. In answer to defendants' first and third contentions plaintiff and intervenors argue that there was a statutory, or at least a common law, dedication of Canal Street Subdivision and in either case ownership of the "walk" is in the public, thus requiring that we affirm the trial court judgment.
Defendants' first contention, that the suits must be dismissed on the exception of no right (or no cause) of action because plaintiff and intervenors have an adequate remedy at law, a petitory action, is not well founded. By their own admission defendants are mere trespassers and these are not suits to determine ownership. The injunctive action is a proper proceeding under LSA-C.C.P. Art. 3663(2). James v. Buchert, La.App., 144 So.2d 435.
We must also reject defendants' second contention, that plaintiff and intervenors have failed to prove the property known as Martin Behrman Walk was owned by the subdividers of Canal Street Subdivision. This is simply a question of fact and we consider the act of sale by which Homebuilders Realty Company acquired Canal Street Subdivision in 1914, together with the annexed map of the property conveyed disclosing Martin Behrman Walk as a part thereof, which act and map were introduced in evidence, as sufficient proof of ownership, especially in view of the fact that the defendants failed to introduce any evidence to the contrary.
Louisiana recognizes two types of dedication, statutory and implied or common law. The chief differences in result between the two types are that a statutory dedication operates by way of a grant and vests title in the public, while a common law dedication operates by way of an estoppel in pais and confers only a servitude. A definite intention to dedicate on the part of the land owner and an acceptance by the public are essential elements of a common law dedication. Neither element must be formally expressed but both must be sufficiently clear so as to exclude any other rational hypothesis except that of dedication. Mere use by the public for the purposes intended by the dedicator can constitute a sufficient acceptance. James v. Delery, 211 La. 306, 29 So.2d 858; Arkansas-Louisiana Gas Co. v. Parker Oil Co., 190 La. 957, 183 So. 229; Metairie Park v. Currie, 168 La. 588, 122 So. 859; Iseringhausen v. Larcade, 147 La. 515, 85 So. 224; City of Shreveport v. Dronin, 41 La.Ann. 867, 6 So. 656; Collins v. Zander, La.App., 61 So.2d 897; Batton v. Babb, La.App., 150 So. 417; Jouett v. Keeney, 17 La.App. 323, 136 So. 175; XVI La.L.Rev. 521; 25 Tul. L.Rev. 88.
The applicable statute relative to dedication in the instant case is Act 134 of 1896 (now, after several amendments, LSA-R.S. 33:5051). Under that act a duty was imposed upon the subdivider of Canal Street Subdivision, before selling any square or lot, to:
"* * * cause to be made and filed in the office of the Keeper of Notarial Records of the parish wherein such property is situated and copied into the Conveyance Record book of such parish, a correct map of the real estate so divided, which said map shall contain the following:
"(1) The section, township, and range in which such real estate lies or subdivision thereof according to government survey.

*493 "(2) The number of squares by numerals from 1 up, and the dimensions of each square in feet and inches.
"(3) The number of each lot or subdivision of a square and its dimensions in feet and inches.
"(4) The name of each street and alley its length and width in feet and inches.
"(5) The name or number of each square or plat dedicated to public use.
"(6) A certificate of the Parish Surveyor of the parish wherein the property is situated in the correctness of the map.
"(7) A formal dedication made by the owner or owners of the property or their duly authorized agent of all the streets, alleys and public squares or plats shown on the map to public use."
The plan of Canal Street Subdivision filed in the Parish Map Book, and relied upon by plaintiff and intervenors to establish a statutory dedication of the subdivision, bears this legend across the top: "Canal Street Subdivision  On Metairie Ridge  An Unexcelled Investment". At the bottom appear these words: "Moderate Prices  Easy Terms  Homebuilders Realty Company  Owners  334 Carondelet Street  Phone Main 3117". There is no other legend. The plan bears no signature and does not indicate by whom it was prepared. On the plan to the reader's left is a small map indicative of the location of the subdivision with respect to the City of New Orleans. The plan satisfies some of the requirements of Act 134 of 1896 in that it contains numbered squares and lots, the dimensions of each lot, the names of the streets and the name and dimensions of Martin Behrman Walk. Other material requirements are not met. There is no evidence that the plan was copied in the Conveyance Book; there is nothing to indicate it is a "correct map" of the real estate divided; and the plan contains no mention of section, township or range, no certificate of the Parish Surveyor and no dedication, formal or otherwise, to public use.
The plan leaves us with the impression that it was used essentially for the purpose of advertising and selling subdivision lots. No attempt appears to have been made by the subdivider to comply with Act 134 of 1896 and we can find no intent to dedicate in accordance with that statute. While our jurisprudence is to the effect that there can be substantial compliance despite the failure to meet one or more of the act's requirements, in the instant case there has been more material and substantial non-compliance than otherwise. Considering all of the evidence before us, we hold that there has been neither strict nor substantial compliance with Act 134 of 1896 and that, accordingly, there has been no statutory dedication of Canal Street Subdivision.
In connection with the problem of common law dedication we need discuss in the instant case only the question of whether there has been an acceptance. The only possible acceptance here is that which may arise from public use and the record contains no evidence of any kind that Martin Behrman Walk, or any other part of Canal Street Subdivision, was ever used by the public. The only evidence relative to use is found in the testimony of intervenor, Robert O. Jesclard, which is to the effect that he used the walk for the purpose of inspecting the lots owned by him until prevented from doing so by the erection of the fences here in controversy three or four years before the filing of these suits. It is quite clear that when the owner sold lots in Canal Street Subdivision fronting on Martin Behrman Walk, designated as such on the recorded plan of subdivision, said owner thereby created by title a servitude of passage over Martin Behrman Walk in favor of those lots. Mr. Jesclard's use of the walk for the purpose of inspecting his property can only be considered as an exercise of his rights under that servitude. It cannot be considered as a use by the public. *494 There having been no proof of an acceptance, we cannot hold there has been a common law dedication of Martin Behrman Walk for public use.
It follows that the Parish of Jefferson has no interest in the walk sufficient to enable it to institute and prosecute these suits. Insofar as the same applies to the plaintiff, the exception of no right of action must be maintained and plaintiff's suits dismissed. While we are bound by the record before us, we recognize the fact that Canal Street Subdivision is a relatively old one in a rapidly expanding area so that there is a strong possibility it has been developed more extensively, perhaps by public use, than the record discloses. We are also aware of cases in our jurisprudence which would seem to indicate that the mere sale of lots with reference to a recorded plan of subdivision can constitute a common law dedication. We believe an acceptance beyond such simple sale and purchase is necessary. But it may be that plaintiff could have presented sufficient evidence to prove an acceptance resulting in a common law dedication and failed to do so in reliance on the cases to which we refer. For this reason, and because of the public interest involved, we conclude that plaintiff's suits should be dismissed without prejudice. LSA-C.C.P. Art. 1673; see Logan v. Schuler, 220 La. 580, 57 So.2d 193; Coleman v. Forsythe, 137 La. 1092, 69 So. 849; Arthur v. Dupuy, 130 La. 782, 58 So. 570; South Louisiana Land Co. v. Waterhouse, 128 La. 458, 54 So. 941; Papa v. Louisiana Metal Awning Company, 131 So.2d 114; Fossier v. American Printing Co., Ltd., 130 So.2d 529; Kimball v. Dreher, 1 La. 208; XV La.L.Rev. 185, 190.
Defendants' exception of prescription is based on LSA-C.C. Art. 789 providing: "A right to servitude is extinguished by the non-usage of the same during ten years." Assuming, but not deciding, that defendants have the right to plead this prescription in connection with land they do not own and aside from any other consideration, the simple answer to defendants' exception of prescription is that the prescription pleaded has not accrued. While intervenors had the burden of proving use of the servitude of passage during the time necessary to prevent the establishment of the prescription (LSA-C.C. Art. 804; Craig v. Finnazzi, La.App., 159 So.2d 732; Benoit v. Dupre, La.App., 109 So.2d 833), they have successfully carried that burden. The testimony of Mr. Jesclard is to that effect and his testimony stands alone and uncontradicted by any other evidence in the record. The exception of prescription was correctly overruled and intervenors are entitled to the judgment for which they pray. They are, however, entitled to such a judgment only against the three persons named as defendants in their petition of intervention. These are the only defendants against whom they seek a judgment.
Aside from any other consideration, defendants' prayer for an injunction requiring that Martin Behrman Walk be used only as a "walkway" must be denied for the reason that the Parish of Jefferson has taken no official action to open and enlarge the "walk" into a parish street and the record contains no evidence that intervenors even desire the same be done.
For the reasons assigned, that portion of the judgment appealed from which is in favor of plaintiff and against all defendants, and that portion of said judgment which assesses costs against the defendants named Louis C. Doody, Walter H. Frank, George P. Bywater, Jr. and Dr. John B. Parmley, are annulled, avoided and reversed and it is now ordered that there be judgment in favor of all seven defendants and against the plaintiff, Parish of Jefferson, maintaining defendants' exception of no right of action and dismissing plaintiff's suits without prejudice. It is further ordered that there be judgment in favor of intervenors, Mary Frances Peeler, wife of, and Robert O. Jesclard, and against Frank Sanzone, Matthew P. Doody and James A. *495 Ermon, defendants in the petition of intervention, commanding, directing and ordering said three defendants to remove, at their cost, the fence, fences or other obstacles to the rear of their Lots 1, 2 and 3, Square No. 9, Wilshire Heights Subdivision, Section "B", which encroach on the property known as Martin Behrman Walk, as such encroachments are shown on a survey by Wm. E. Clouet dated February 12, 1962 and annexed to plaintiff's petition, within 30 days from the date this judgment becomes final. In all other respects the judgment appealed from is affirmed.
Reversed in part; affirmed in part.