511 So.2d 1245 (1987)
B. Joe TILLEY, et al., Plaintiffs-Appellants,
v.
Anna B. LOWERY, et al., Defendants-Appellees.
No. 18806-CA.
Court of Appeal of Louisiana, Second Circuit.
August 19, 1987.
William H. Ledbetter, Jr., Bossier City, for plaintiffs-appellants.
*1246 Irving M. Greenberg, Shreveport, for defendant-appellee, Anna B. Lowery.
Before MARVIN, SEXTON and NORRIS, JJ.
MARVIN, Judge.
In this action to construe a 1974 "Right of Way" agreement and counter letter that did not specify the exact location of the right of way, the plaintiffs, who are the dominant estate owner and his assignees, appeal a judgment declaring that the 1974 agreement created a predial servitude of passage which was extinguished by the 10-year liberative prescription of nonuse.
The facts were stipulated. We find no error of law and affirm. CC Arts. 705, 706, 753.
The litigants owned interests in adjacent tracts of land separated by a bayou in Bossier City at the intersection of Foster Road and I-20. The servient estate fronted more than 200 feet on Foster Road but the 60-foot servitude affected only the southernmost 200 feet of the frontage. The agreement and counter letter obligated the dominant estate owner to build a bridge across the bayou. The pertinent part of the agreement stated that
The parties ... have agreed to create a servitude of drive, as limited herein, across a portion of [their respective lands and for Plaintiff Kemmerly to] build a bridge across [the bayou] to afford ingress and egress to his property from Foster's Road ...
Said servitude of drive shall be only 60 feet ... along Foster Road ... in a direct line on the KEMMERLY property a sufficient distance in order to bridge [the] Bayou. The parties ... will, at a future date, stipulate the exact location of this servitude as it affects the property...
The counter letter relieved Kemmerly of the obligation to maintain the bridge in the event he elected to dedicate it to public use. The counter letter, which was last executed May 10, 1974, related the agreement to the counter letter in its opening paragraph by stating that "The undersigned entered into a servitude of drive executed [on certain dates] ..."
The litigants stipulated that
adequate consideration was paid by Kemmerly for "the right of way" and by the other plaintiffs to Kemmerly for "the assignment of the right of way";
neither Kemmerly nor any of his successors in title ever requested defendants to specify the location of the servitude;
the 60-foot location of the servitude within the 200-foot area owned by [defendants] was never designated; and
the servitude has never been used.
Plaintiffs contended that the servitude was not created when the right of way agreement was executed, but was to be established only when the exact location was designated; that the provision for specifying the exact location is a condition which suspended the agreement; and that prescription did, or could, not begin to run until the location was specified.
Defendants contended the agreement to specify the exact location of the servitude was not a suspensive condition but was intended to evidence the location of the servitude for public record purposes and that plaintiffs were not prevented from using the servitude.
The trial court found that the agreement created the servitude, not merely an obligation to establish the servitude at a later date, and that the provision for specifying the exact location did not delay the time when prescription would begin. The court concluded the servitude had been extinguished since it was not "used" for the 10 years after the agreement was executed in 1974.

ESTABLISHMENT OF SERVITUDE; BEGINNING OF PRESCRIPTIVE PERIOD
A servitude of passage, or right of way, is an affirmative predial servitude which is extinguished by nonuse for ten years. CC Arts. 705, 706, 753. If the servitude has been used, prescription begins to run from the date of the last use. *1247 CC Art. 754. If it has never been used, prescription begins to run from the date the servitude is established and its exercise is possible. Yiannopoulos, Predial Servitudes, 4 Louisiana Civil Law Treatise § 164 (1983), citing De La Croix v. Nolan, 1 Rob. 321 (La.1842). See also Chicago Mill and Lumber Co. v. Ayer Timber Co., 131 So.2d 635 (La.App. 2d Cir.1961).
The owner of the dominant estate has the burden of proving his use of the servitude during the 10-year prescriptive period. CC Art. 764; Craig v. Finnazzi, 159 So.2d 732 (La.App. 4th Cir.1964).
A conditional obligation is one dependent on an uncertain event. If the obligation may not be enforced until the uncertain event occurs, the condition is suspensive. CC Art. 1767. Courts do not construe stipulations in a contract as suspensive conditions unless the express contract language compels such construction. Cahn Elec. Co., Inc. v. Robert E. McKee, Inc., 490 So.2d 647 (La.App. 2d Cir.1986).
Here, neither the contractual provision for designating the exact location of the servitude in writing, nor any other language in the contract, indicates that the parties intended that the servitude would be created only when its exact location was designated. The agreement consistently refers to the servitude as having been created:
In consideration of the granting of the servitude of passage across the [defendant's] property the said KEMMERLY has paid [$100 and other good and valuable consideration], the receipt of which is hereby acknowledged. * * *
Nothing herein contained will be interpreted to exclude the right granted herein to KEMMERLY, his successors and assigns, running with the property described above as owned by him, to create rights of passage from his property [north] to Highway 80 or [east] to Foster's Road across his property and [across] the servitude created herein [.] (Emphasis added.)
Although the right of way agreement does not specify the exact location of the servitude, it is sufficient as a title document by which this type of servitude is created. See J.C. Trahan, Drilling Contractor, Inc. v. Younger, 169 So.2d 15 (La. App. 2d Cir.1964), and cases cited therein.
Even had defendants not agreed to designate the exact location, plaintiffs could have required defendants to designate the location. See CC Art. 750. Plaintiffs could have made the location certain by using the servitude for the purpose and to the extent allowed by the agreement. Trahan v. Younger, supra. Defendants were never asked to designate the exact location. The uncertainty about where the 60-foot servitude would be located within the 200-foot frontage on Foster Road does not preclude a finding that the servitude was established by the 1974 agreement.
If the title is silent as to the extent of the servitude, the intention of the parties is to be determined in light of the servitude's purpose. CC Art. 749. Since we have no testimony about the intent of the contracting parties, we must discern their intent from the agreement as a whole and from the counter letter. CC Art. 2045, 2050, 2053.
The 1974 agreements detail the rights and obligations involving the servitude and support the conclusion that the parties intended to create a servitude in 1974, and not merely an obligation to create the servitude at a later date. Compare Chicago Mill, supra, in which prescription for nonuse began with a sale clearly expressing a mineral reservation and not with an earlier surface lease and option to purchase stipulating that the lessor would retain the mineral rights if the option were exercised. Also compare Kavanaugh v. Frost-Johnson Lumber Co., 149 La. 972, 90 So. 275 (1921), in which the parties to a timber deed agreed to create a servitude of passage for removal of timber but did not contemplate or intend that the servitude would come into existence until it was needed to remove the timber. The agreement under construction here is not an accessory to any other contract such as a timber deed.
Finally, CC Art. 730 provides that doubt as to the existence, extent, or manner of *1248 exercise of a predial servitude shall be resolved in favor of the servient estate. If the trial court perceived any doubt about when the servitude was created, it properly resolved the doubt by finding that the servitude was established in 1974 and was extinguished by the time plaintiffs filed their action more than 10 years later.
The judgment appealed, at appellants' cost, is AFFIRMED.