518 So.2d 602 (1987)
Luther L. COLLINS, et al.
v.
George E. TAYLOR.
No. CA 86 1572.
Court of Appeal of Louisiana, First Circuit.
December 22, 1987.
*603 Robert Liptak, Denham Springs, for plaintiffs-appellants.
Charles Borde, Jr., M. Douglas Hughes, II, Denham Springs, for defendant-appellee.
Before COVINGTON, SAVOIE and ALFORD, JJ.
ALFORD, Judge.
Plaintiffs appeal from a judgment recognizing a contractual servitude of passage, extending from a state highway to private property, in favor of defendant and enjoining plaintiffs from interfering with this servitude of passage.
The property involved in this litigation is shown on the following plat:
*604 
This plat is an enlarged copy of part of a plat referred to by the parties as the Fairburn Plat. This court has added the directional indicator, the dotted lines and the shaded area to the plat for clarification.
The chain of title on the property, dating back to the early 1900's, was included in the record and stipulated to by all the parties. Mr. D.A. Collins, plaintiffs' ancestor in title, purchased ninety-five acres of land in 1944. This ninety-five acres of land included some of the land shown in the plat and additional land located west of the land pictured in the plat. A one acre cemetery in the middle of this property was not sold to Mr. D.A. Collins. On March 3, 1977, Mr. D.A. Collins sold the 1.05 acre tract and the 32.81 acre tract to George E. Taylor. The act of sale did not include any reference to a servitude of passage across Mr. D.A. Collins' property. A copy of the Fairburn Plat was attached to and filed with the March 3, 1977 act of sale in the public records. This plat designated the 1.57 acre tract as the Chambers Cemetary [sic]. This piece of land was used by Mr. D.A. Collins for access to his property lying west of the cemetery. On June 21, 1977, Mr. D.A. Collins sold the 46.5 acre tract, which is not pictured on the plat; the 2.57 acre tract, the 0.61 acre tract and the .16 acre tract to Mr. Taylor. In the June 21, 1977 Act of sale, Mr. D.A. Collins also sold to Mr. Taylor "[a]ll of vendor's rights, titles, interests, or claim in and to a certain servitude of passage or right of way, running from the west margin of the Old River Road in a westerly direction to the Chambers Cemetary, as shown on the attached plat of survey." The plat shown above is a copy of the plat that was attached. The dotted lines have been added to the plat to indicate where the road in question lies and where the cemetery fence and gate is located. The shaded part of the plat has been *605 added to indicate the specific area that is in dispute.
At the trial level, Luther Collins and his wife, Linda Collins, filed suit against George Taylor alleging that the right of way was established exclusively for the use of the Chambers Cemetary and that Mr. Taylor has no servitude of passage on the road in question. They sought a permanent injunction against Mr. Taylor to enjoin his use of the road. Mr. Taylor answered the petition claiming that the June 21, 1977 deed conveyed to him a servitude of passage on this road. Mr. Taylor also filed a reconventional demand against Mr. and Mrs. Collins, seeking a permanent injunction against them to enjoin the Collinses from interfering with his enjoyment of the servitude of passage on this road. The trial court found that Mr. Taylor's contractual servitude of passage predated the dedication of land to the cemetery by Mr. D.A. Collins[1] and that Mr. Collins could not infringe upon this right of way by a subsequent dedication.
The issues presented on appeal are:
(1) Whether the deed dated June 21, 1977, conveyed a right of passage through the shaded area to Mr. Taylor;
(2) if it did convey a right of passage, was the land in question dedicated to the Chambers Cemetary before the right of passage was conveyed;
(3) if the dedication predated the right of passage, is the right of passage valid?
In reference to the first issue, the language of the June 21, 1977 deed is ambiguous. The wording could be interpreted to find that the right of passage proceeds in a westerly direction from the Old River Road and ends where the land designated as cemetery property begins or the language could be interpreted to find that the right of passage extends to the 0.61 acre tract.
La.Civ.Code art. 2048 provides "[W]ords susceptible of different meanings must be interpreted as having the meaning that best conforms to the object of the contract." La.Civ.Code art. 2049 states "[a] provision susceptible of different meanings must be interpreted with a meaning that renders it effective and not with one that renders it ineffective." Based on these provisions, we find that the language of the deed must be interpreted to find that the right of passage extends to the 0.61 acre tract. To give any other interpretation to these words would render them meaningless. If the right of passage is interpreted not to include the shaded area, the right of passage would serve no purpose to Mr. Taylor because it would not afford him access to any of his property.
Furthermore, Mr. D.A. Collins' testimony during trial establishes that it was his intent to convey to Mr. Taylor a right of passage to the 0.61 acre tract of land. "Although parol evidence is inadmissible to vary the terms of a written contract, La. Civ.Code art. 2276[2], when the terms of a written contract are susceptible to more than one interpretation, or there is uncertainty or ambiguity as to its provisions, ... parol evidence is admissible to clarify the ambiguity and to show the intention of the parties." [citations omitted, footnote added] Dixie Campers, Inc. v. Vesely Co., 398 So.2d 1087, 1089 (La.1981).
However, we must determine whether the dedication of the land in the shaded area to the Chambers Cemetary predated the right of passage.
Since there was no express act by Mr. D.A. Collins showing an intent to dedicate and no statutory dedication pursuant to La.R.S. 33:5051, we must determine whether Mr. D.A. Collins' actions and the actions of the cemetery representatives constitute an implied or common law dedication. In City of Baton Rouge v. State National Life Ins. Co., 271 So.2d 571, 574 (La.App. 1st Cir.1972), writ denied, 274 So.2d 709 (La.1973), the appellate court succinctly *606 summarized the relevant jurisprudence:
"In a common law dedication, there must be shown a definite intent to dedicate on the part of the land owner and an acceptance by the public. Neither element must be formally expressed but both must be sufficiently clear so as to exclude every other reasonable hypothesis except that of dedication. See Parish of Jefferson v. Doody, 167 So.2d 489 (La.App. 4th Cir.1964) and cases cited therein. Our courts have held that dedication to the public may be shown by any evidence which shows intent of the owner to so devote his property. Mere use by the public for the purpose intended by the dedicator can constitute a sufficient acceptance. Arkansas-Louisiana Gas Company v. Parker Oil Company, 190 La. 957, 183 So. 229; Best Oil Company v. Parish Council of East Baton Rouge, 176 So.2d 630 (La.App. 1st Cir.1965)."
Mr. D.A. Collins testified that before 1977, he gave land to the cemetery owners. He explained that he gave land to be used for additional burial space and that this land was fenced by the cemetery owners. He testified that he also gave land to the cemetery owners for the purpose of widening the road that leads to the fenced part of the cemetery. The cemetery owners widened the road at this time.
In addition, a copy of the Fairburn Plat was attached to the March 3, 1977 act of sale which designated the shaded area to be part of the Chambers Cemetary. Mr. D.A. Collins testified that one of the reasons that he hired Mr. Fairburn to survey the land and draw this map was for the purpose of setting aside land for the Chambers Cemetary. He also testified that the strip of land leading to the fenced part of the cemetery was dedicated to the cemetery owners for use as a road, not for use as additional burial space. The testimony establishes that no bodies have been buried in this strip of land. All graves are south of the fence shown on the plat.
We find that these facts clearly establish that Mr. Collins intended to dedicate the strip of land leading to the fenced part of the cemetery to the cemetery owners for use as a roadway. The cemetery owners accepted this dedication by utilizing the land to widen the road that previously existed on this property and by continuing to use the road. This dedication occurred before the June 21, 1977 deed was executed. Therefore the dedication of the shaded area predates defendant's conventional servitude.
However, an implied dedication does not convey ownership of property. It creates only a servitude. Arkansas-Louisiana Gas Company v. Parker Oil Co., 190 La. 957, 183 So. 229 (1938); Anderson v. Police Jury of East Feliciana Par., 452 So.2d 730 (La.App. 1st Cir.), writ denied 457 So.2d 13 (La.1984). Therefore, Mr. D.A. Collins was the owner of the land in question when he executed the June 21, 1977 deed which purported to convey a right of passage over the shaded area.
La.Civ.Code art. 720 provides "[t]he owner of the servient estate may establish thereon additional servitudes, provided they do not affect adversely the rights of the owner of the dominant estate." Based on this code article, Mr. D.A. Collins had the authority to convey a right of passage to Mr. Taylor when he executed the June 21, 1977 deed, provided that this servitude did not adversely affect the rights of the cemetery owners. Since the piece of land in dispute is only used by the cemetery owners as a roadway to the cemetery, we find that defendant's use of this piece of property as a roadway to gain access to his property does not interfere with the cemetery owners use or enjoyment of the property. Therefore, defendant's right of passage on this property is valid.
The judgment of the trial court is affirmed. All costs of this appeal are to be paid by appellants.
AFFIRMED.
NOTES
[1] The shaded area of the roadway falls within the land that was arguably dedicated to the cemetery.
[2] This article has been vacated due to the revision of Titles III and IV of Book III by Acts 1984, No. 331. The substance of La.Civ.Code art. 2276 (1870) is reproduced in La.Civ.Code art. 1848.